[No. B152404. Second Dist., Div. Four. July 26, 2002.]

EDWARD D. GROVES, Plaintiff and Appellant, v.
NORMA A. PETERSON et al., Defendants and Respondents.

## COUNSEL

Law Offices of Jerry K. Staub, Jerry K. Staub, Patricia Venegas; and Charlotte E. Costan for Plaintiff and Appellant.

Amante & Shaffer, Jerome L. Amante and Darren G. Shaffer for Defendants and Respondents.

## OPINION

**VOGEL (C. S.), P. J.—**

### INTRODUCTION

Appellant Edward D. Groves (Groves) filed the present independent action in equity to vacate a prior default and default judgment against him, on the ground the prior judgment is void because he was not validly served with the summons and complaint. The trial court sustained, without leave to amend, a demurrer to Groves's complaint, on the ground it is barred by collateral estoppel because appellant's prior motion in the underlying case to set aside the default and default judgment on the same ground had been denied. We reverse, because a long line of cases holds the prior denial *of a motion in the underlying case* to set aside a default and default judgment has no collateral estoppel effect to bar an *independent action in equity* directly attacking the prior judgment. Alternatively, the prior order has no collateral

estoppel effect because the record does not show that the validity of service of summons and complaint was actually decided by the prior order.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Underlying Fraud Judgment

In 1993, in the underlying case No. BC080466, respondents Norma A. Peterson and Mark D. Peterson (the Petersons) sued Central Trust Deed Company, Inc. (Central Trust Deed Company) and Groves individually for fraud. They alleged that Central Trust Deed Company and Groves individually induced them to buy a $70,000 interest in a note secured by a second trust deed on real property by various misrepresentations about the nature of the interest. Their proof of service of summons and the complaint alleged service was effected on May 14, 1993, upon Central Trust Deed Company and Groves individually by leaving copies with Olive Dunkley, a person apparently in charge of the business premises at 1110 North Brand Boulevard in Glendale, allegedly Central Trust Deed Company and Groves's "office or usual place of business."

Groves and Central Trust Deed Company failed to answer, and in 1994 a judgment after default was entered against them for $70,000 plus interest.[1]

### Motion in the Underlying Case to Vacate the Default and Default Judgment

In November 2000, Groves filed a motion in the underlying case to vacate the default and default judgment. The first ground of his motion was, he was never served with a copy of the summons and complaint in accordance with law. The second ground was, even if service was proper, the court should vacate the default and default judgment on equitable grounds. The theory of the first ground was: Groves was never personally served; he was a resident of Ohio at the time of the purported service; neither he nor Central Trust Deed Company ever had an office at 1110 North Brand Boulevard in Glendale; Olive Dunkley was not an employee or agent of Groves; service of process was therefore invalid; and Groves did not learn of the existence of the underlying suit or judgment until August 2000. The theory of the second ground was: the above circumstances deprived Groves of the opportunity to defend due to his lack of knowledge of the proceedings, and he should, in the exercise of equity, be given the opportunity to defend.

Groves offered four declarations in support of his motion:

(1) The declaration of his attorney, Jerry K. Staub, described the diligence exercised in preparing the motion.

---

[1]Central Trust Deed Company is not a party to the present proceedings.

(2) Groves's own declaration stated: until August of 1991 he was an officer and shareholder of Central Trust Deed Company, but in August 1991 he moved to Ohio; Central Trust Deed Company's offices were at 1201 North Pacific Avenue in Glendale; Central Trust Deed Company had been in the business of brokering and arranging second trust deed loans; due to decline in business it ceased arranging new loans in 1992; in April 1993 Central Trust Deed Company closed its doors; because it was necessary to arrange for continued collection and remittance to the lenders on the outstanding notes, Groves, on behalf of Central Trust Deed Company, arranged for Glendale Financial Corporation, owned and operated by Hossain Tamaddoni, to "act as a servicing agent and carry on the collection function"; Glendale Financial Corporation was located at 1110 North Brand Boulevard, for the purpose of conducting its own business (originating new first trust deed loans) and servicing Central Trust Deed Company's loans, for a fee; "I never maintained an office at 1110 North Brand Boulevard . . . nor did Central Trust Deed have an office at that location. Olive Dunkley was not employed by me in May 1993 when the papers concerning this litigation were purportedly delivered to her" at that address; and Groves did not learn of the litigation until August 2000, as the result of collection actions initiated by the Petersons.

(3) The declaration of Olive Dunkley stated: she was formerly employed as a secretary by Central Trust Deed Company; after April 1993 she became employed by Glendale Financial Corporation to assist in servicing loans previously originated by Central Trust Deed Company; to her knowledge Groves did not maintain an office at 1110 North Brand Boulevard, nor was that location identified on the door or otherwise as an office of Central Trust Deed Company; she had no regular means of contacting Groves nor did she ever attempt to do so; she was never told that she was being used as a conduit for serving legal documents on Groves, nor did she ever transmit any such documents to him; and she has no memory of being served in regard to the Petersons' suit against Groves.

(4) The declaration of Hossain Tamaddoni stated: he is the sole shareholder of Glendale Financial Corporation, engaged in the business of originating first trust deed loans; in April 1993 Glendale Financial Corporation agreed to act as servicing agent on Central Trust Deed Company loans, for a servicing fee on payments made by borrowers; to perform this function Glendale Financial Corporation leased offices at 1110 North Brand Boulevard, with the lease payments for the first three months guaranteed by Central Trust Deed Company until Tomaddoni could determine if this arrangement was beneficial to Glendale Financial Corporation; at no time did Groves maintain an office there; it was not a business address for Central

Trust Deed Company nor was Central's name on the door; Central Trust Deed Company did not receive mail at this address, but Central's telephone numbers were transferred to this address; and Olive Dunkley, a former employee of Central Trust Deed Company, was hired by Glendale Financial Corporation because of her familiarity with the remaining portfolio of Central Trust Deed Company's loans.

The Petersons filed opposition to Groves's motion to set aside the default and default judgment. They argued: relief from a judgment valid on its face but allegedly void because of defective service must be sought within two years of entry of the default judgment (Code Civ. Proc., § 473.5, subd. (a)); any failure of actual notice was due to Groves's deliberate avoidance of service (Code Civ. Proc., § 473.5, subd. (c)); service at 1110 North Brand Boulevard was proper and valid; and Groves produced no evidence of extrinsic fraud on the part of the Petersons that deprived him of the opportunity to defend. They offered three declarations and various exhibits authenticated by the declarations.

(1) The declaration of Kathleen Peterson (a relative of and attorney for the Petersons) described that after attempting to have process served at 1201 North Pacific, which was found to be a bad address, she was informed that a telephone call had led to obtaining "the new address for Central at 1110 Brand Boulevard," so she directed the process server to go there. During the course of the underlying fraud litigation she mailed various documents to the defendants at that address, none of which was returned until December 1993, when mail began to be returned by the post office with a notation "forwarding order expired."

(2) The declaration of Norma Peterson described her receipt of letters from Groves, in May and July of 1993, on a letterhead with the 1201 North Pacific address, one of which stated that Central Trust Deed Company would close its doors and its phone would no longer ring as of *July 1*, 1993 (i.e., later than April 1993 claimed by Groves's moving papers to be the closing date, and after service of process).

(3) The declaration of Darren Shaffer, an attorney for the Petersons, cited various evidence relating to Groves's assets, for the purpose of implying that Groves moved to Ohio to avoid service and disposed of assets to become judgment-proof.

· Groves filed a reply in support of his motion. He argued the Petersons' "evidence" did not show that Groves maintained an office at 1110 North Brand Boulevard and did not show that Groves evaded service. He further

argued that he was not required, in order to obtain equitable relief, to prove there was "fraud" perpetrated on him by the Petersons or their counsel, he only needed to prove that extrinsic "factors" had prevented his defending the action.

The trial court in the underlying action denied Groves's motion to set aside the default and default judgment. The court adopted its tentative decision as the basis for its denial. The tentative decision stated, "Defendants' Motion to Set Aside Default and Default Judgment is denied. A motion for relief from a default judgment which is alleged to be void for lack of valid service of process may be brought within two years after entry of the judgment. *Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 301[,] fn. 3 [78 Cal.Rptr.2d 892]; *Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1120-1124 [265 Cal.Rptr. 286]. Judgment was entered in this case in 1994. [¶] The only other basis to set aside a default judgment is when there has been extrinsic fraud. This requires a finding that 'extrinsic factors have prevented one party to the litigation from presenting his or her case.' *In re Marriage of Park* (1980) 27 Cal.3d 337, 342 [165 Cal.Rptr. 792, 612 P.2d 882]. The law requires . . . the failure to contest the matter to have resulted from *acts of the opponent. Aldabe v. Aldabe* (1962) 209 Cal.App.2d 453, 475 [26 Cal.Rptr. 208]. 'The court may grant relief under its inherent equity power if, *because of the fraud of his opponent*, the aggrieved party was prevented from presenting his claim or defense to the court. Two essential conditions are found in a classic case in equity which seeks to set aside a judgment: first the judgment is one entered against a party by default under circumstances which prevented him from presenting his case; second, these circumstances result from extrinsic fraud *practiced by the other party or his attorney.' Gibble, supra*, 67 Cal.App.4th at 314 (emphasis added; internal citations omitted). [¶] Defendants present no evidence of any acts by the Plaintiffs or their attorney designed to keep them ignorant of this lawsuit or otherwise prevent them from defending this action."

### *The Present Action in Equity to Set Aside the Prior Judgment*

In February 2001 (shortly after the Petersons gave notice of the ruling denying the prior motion in the underlying case), Groves filed the present action, No. BC244369, as an independent action in equity to set aside the prior judgment in No. BC080466. The complaint alleged the prior judgment was void for lack of jurisdiction over Groves because he was not served with the summons and complaint in the prior action, and also that the judgment was entered as a result of extrinsic fraud or mistake. The complaint acknowledged the prior ruling in the underlying matter denying Groves's motion to set aside the default and default judgment, and described the ruling as based on untimeliness of the motion.

The Petersons demurred to the complaint on the ground that the ruling on the prior motion in the underlying case bars the present action under the principle of collateral estoppel. They requested the court to take judicial notice of the moving and opposing papers on the prior motion.

Groves opposed the demurrer. He argued primarily that the ruling on the prior motion had no collateral estoppel effect because it was based on the procedural ground of untimeliness and never actually adjudicated the merits of Groves's contention that service of process was ineffective to confer personal jurisdiction over him. He argued that in any event he need not have proved extrinsic fraud or mistake, if he was correct that the judgment was void for ineffective service of process.

The Petersons replied, arguing that the issue of service of process had in effect been litigated and decided on the prior motion.

The trial court sustained the Petersons' demurrer, without leave to amend, on the ground of collateral estoppel. The trial judge who sustained the demurrer was the same judge who had decided the prior motion. The court described in a minute order its reason for sustaining the demurrer. The court stated, "The Court denied Groves' [prior] motion on two separate grounds. The Court found that the motion was untimely but the Court considered all of the evidence in evaluating both grounds asserted in the motion. The evidence demonstrated that Groves was in fact served with process. In addition, the Court also rejected Groves' equity-based argument, finding that Groves had presented no evidence of extrinsic fraud. Having raised the issue and failed to present evidence demonstrating extrinsic fraud, Groves did not prevail on his equity-based argument. The Court placed no restrictions on the type of evidence the parties could submit in connection with the motion."

This appeal followed.[2]

## DISCUSSION

■ By his complaint in the present independent action in equity, Groves seeks to adjudicate his claim that the prior default judgment against him is void because he was never served with process in accordance with law. The trial court dismissed this action after sustaining a demurrer without leave to amend, on the ground this issue was previously litigated and

---

[2]We liberally construe Groves's notice of appeal from the order sustaining the demurrer, a nonappealable order, to be from the subsequent judgment of dismissal. (Cal. Rules of Court, rules 1(a)(2) and 2(d)(2); *Vibert v. Berger* (1966) 64 Cal.2d 65, 67-69 [48 Cal.Rptr. 886, 410 P.2d 390].)

adjudicated against Groves by the order denying his motion to set aside the default and default judgment in the underlying case, and therefore the present action is barred by collateral estoppel.

■ On demurrer a court considers the allegations on the face of the complaint and any matter of which it must or may take judicial notice. (Code Civ. Proc., § 430.30, subd. (a).) If judicially noticed records of prior litigation show the complaint is barred by collateral estoppel, the demurrer may be sustained. (*Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1363 [104 Cal.Rptr.2d 183]; *Frommhagen v. Board of Supervisors* (1987) 197 Cal.App.3d 1292, 1299 [243 Cal.Rptr. 390].) On appeal from the judgment of dismissal following the sustaining of the demurrer without leave to amend, we review the order de novo to determine whether as a matter of law the complaint is barred by collateral estoppel. (*Bame v. City of Del Mar, supra*, 86 Cal.App.4th at pp. 1363-1364.)

■ Collateral estoppel is an aspect of the doctrine of res judicata. Under collateral estoppel, a prior judgment between the same parties operates as an estoppel or conclusive adjudication as to those issues that were *actually litigated and necessarily determined* in the prior action. (*Rohrbasser v. Lederer* (1986) 179 Cal.App.3d 290, 296-297 [224 Cal.Rptr. 791].)[3]

■ In the specific context of the present case, where the issue is whether the prior denial of a motion in the underlying case to set aside a default and default judgment should be given collateral estoppel effect so as to bar a subsequent independent action in equity to set aside the prior judgment, a long line of cases has established a rule that such prior order *does not* collaterally estop the subsequent action. (*Estudillo v. Security Loan etc. Co.* (1906) 149 Cal. 556, 564, 565 [87 P. 19]; *Jeffords v. Young* (1929) 98 Cal.App. 400, 406-407 [277 P. 163]; *Wilson v. Wilson* (1942) 55 Cal.App.2d 421, 426 [130 P.2d 782]; *Rose v. Fuqua* (1962) 200 Cal.App.2d 719, 724 [19 Cal.Rptr. 634]; *Otani v. Kisling* (1963) 219 Cal.App.2d 438, 442 [33 Cal.Rptr. 239]; *Huff v. Mendoza* (1980) 109 Cal.App.3d 677, 681 [167 Cal.Rptr. 348]; *Rohrbasser v. Lederer, supra*, 179 Cal.App.3d 290, 297-300.)

■ As explained in the Supreme Court's early case and reiterated in the recent case in this line, the reason for this rule is: in the motion procedure

---

[3]The cause of action in the underlying case was the Petersons' cause of action for fraud against Groves and Central Trust Deed Company. The present case involves Groves's causes of action to set aside the prior judgment for lack of service of process or on equitable grounds. Accordingly, the broader aspect of res judicata (precluding any subsequent litigation on the same cause of action) is not involved. Instead, the narrower aspect known as collateral estoppel or issue preclusion is involved. (*Rohrbasser v. Lederer, supra*, 179 Cal.App.3d at pp. 296-297.) This requires proof that the particular issue was actually litigated and necessarily decided in the prior action. (*Id.* at p. 297.)

the moving party is limited to presenting ex parte affidavits of voluntary witnesses, unless the trial court in its discretion permits a greater latitude. The party does not have the right to produce oral testimony or to compel witnesses to attend for deposition or cross-examination. In other words, the motion procedure does not involve all the aspects of full litigation. The remedies of a motion in the underlying case and an independent action in equity are cumulative. The motion procedure is simpler and more convenient. The party should be entitled to resort first to the convenient and expeditious remedy, without penalty of the bar of collateral estoppel if the motion is denied. Despite denial of the motion, the party may then pursue an independent action that affords the party all the advantages of a regular trial of the issue. (*Estudillo v. Security Loan etc. Co., supra*, 149 Cal. at pp. 564, 565; *Rohrbasser v. Lederer, supra*, 179 Cal.App.3d at pp. 297-298, 299.)

Applying this rule to the present case, the trial court erred in concluding Groves's present action is barred by collateral estoppel. The subsequent action is not barred even if the trial court actually decided the disputed issue against Groves on the motion. Because of the limitations of the motion procedure, the California courts do not treat the denial of the motion as a bar to the subsequent action.

Another line of cases has branched off to create an exception to the general rule. These cases hold that collateral estoppel will bar the subsequent independent action in equity if the record of the prior proceedings shows the moving party was in fact given a hearing on the motion that was the equivalent of a trial with oral testimony. (*Darlington v. Basalt Rock Co.* (1961) 188 Cal.App.2d 706, 709, 710 [10 Cal.Rptr. 556] [judge held hearing, made clear the court did not restrict the party to affidavits, interrogated a witness, and gave party full opportunity to develop the issues by oral testimony]; *Preston v. Wyoming Pac. Oil Co.* (1961) 197 Cal.App.2d 517, 527 [17 Cal.Rptr. 443] [trial court held hearings in which much oral testimony and other evidence was received]; see *Sarten v. Pomatto* (1961) 192 Cal.App.2d 288, 300-301 [13 Cal.Rptr. 588] [dictum, recognizing principle that "where the trial of an issue on a motion is as comprehensive as the trial of the same issue in a suit" collateral estoppel would apply, but remanding because the record did not show the manner in which the motion was litigated].) ■ The present case does not fall within this exception, since the record shows the motion was determined on the declarations without presentation of oral testimony. (*Rohrbasser v. Lederer, supra*, 179 Cal.App.3d at pp. 298, 300.)

■ In *Rohrbasser v. Lederer, supra*, 179 Cal.App.3d at pages 299-300, the party asserting collateral estoppel argued that in order to avoid collateral

estoppel the party who lost the prior motion must show that it requested the right to produce oral testimony and such request was denied. The appellate court rejected that argument. It said, "[S]uch a requirement . . . not only runs against the grain of the rationale allowing these distinct and cumulative remedies, but also fails to recognize that in certain courts such as the Central District of the Los Angeles County Superior Court . . . a request to present oral testimony in support of a motion is rarely, if ever, granted. [Citation.] [¶] Thus, the practical consequences of such a requirement would be to eliminate the use of the summary disposition of issues on motion as envisioned by the *Estudillo* court, because of the severe restrictions which are presently imposed on the use of oral testimony to support a motion." (*Id.* at p. 299.)[4]

 This argument in *Rohrbasser* brings us to *Barker v. Hull* (1987) 191 Cal.App.3d 221 [236 Cal.Rptr. 285], on which the Petersons rely and which they cited to the trial court. *Barker* interpreted the *Rohrbasser* line and the *Darlington* line to mean that the party asserting collateral estoppel could meet its burden of proof by showing that "the issue was actually litigated and that evidence was not *restricted*[;] he need not establish that any particular type of evidence, such as oral testimony, was presented" or that "an exhaustive adversarial hearing" was held. (*Barker v. Hull, supra,* 191 Cal.App.3d at p. 226.) On its facts, the *Barker* court concluded: the trial court gave Barker an opportunity to take Hull's deposition; Barker made no claim to have found new evidence; thus "Barker fully presented the issue in the prior case, was given the opportunity to obtain all available evidence, and . . . the issue was, therefore, actually litigated and determined in the prior action." (*Id.* at p. 227.)

Relying on *Barker*, the Petersons contend that here Groves had time to gather his evidence, he submitted his four affidavits, and he "never requested the opportunity to gather more evidence." This certainly does not amount to a showing fitting the *Darlington* exception (proof that oral testimony was actually presented). If the mere fact Groves "never requested the opportunity to gather more evidence" were sufficient to meet the *Barker* test, we would have to conclude that *Barker* is irreconcilable with *Rohrbasser* and should not be followed.

We hold, therefore, that Groves's present independent action in equity is not barred by collateral estoppel because, following the general rule, the denial of the prior motion in the underlying case to set aside the judgment has no collateral estoppel effect.

---

[4]It is still true that, under the Superior Court of Los Angeles County, Local Rules, rule 9.1(b) and California Rules of Court, rule 323(a), oral testimony is not allowed on motions except upon good cause in the trial court's discretion.

Alternatively, we would reach the same result even if we concluded that the issue of the validity of the service of process was actually *litigated* on the prior motion. The record does not show such issue was *also* actually and necessarily *decided* on the merits by the prior ruling. (*Rohrbasser v. Lederer, supra*, 179 Cal.App.3d 290, 297; *Bame v. City of Del Mar, supra*, 86 Cal.App.4th 1346, 1364.) On the issue of service of process the ruling on the prior motion in the underlying case was: "A motion for relief from a default judgment which is alleged to be void for lack of valid service of process may be brought within two years after entry of the judgment. *Gibble v. Car-Lene Research, Inc.*, [*supra*,] 67 Cal.App.4th 295, 301[,] fn. 3; *Rogers v. Silverman*, [*supra*,] 216 Cal.App.3d 1114, 1120-1124. Judgment was entered in this case in 1994." This shows that on the issue of service of process Groves's motion was rejected on the ground it was untimely under Code of Civil Procedure section 473.5.[5] Because the ruling was limited to a procedural ground, it did not actually determine whether the service was valid. The ruling, therefore, did not collaterally estop litigating the merits of that issue in Groves's present independent action in equity. (*Sternbeck v. Buck* (1957) 148 Cal.App.2d 829, 831 [307 P.2d 970].)

We note that in its minute order explaining its reasons for sustaining the demurrer the trial judge, the same judge who had decided the prior motion, commented that he previously had "considered all of the evidence in evaluating both grounds asserted in the motion," and "the evidence demonstrated that Groves was in fact served with process." The issue before the court was whether to sustain a demurrer to Groves's present complaint, on the ground that the judicially noticed record of the prior case shows as a matter of law the present action is barred by collateral estoppel. On its face the prior ruling was limited to the procedural ground that Groves's attack on the service of process was untimely. The judge exceeded the bounds of proper judicial notice on demurrer by relying upon what was in his own mind at the time of the prior ruling, which was not reflected on the face of the prior ruling. (See *Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1750 [50 Cal.Rptr.2d 484] [judicial notice of prior record is limited to notice that the court made a particular ruling]; *Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1563, fn. 8, 1566 [8 Cal.Rptr.2d 552] [same]; Code Civ. Proc., § 1911 ["That only is deemed to have been adjudged in a former judgment which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto."].)

---

[5] A motion in the underlying case to set aside a default judgment as void for defective service of process must, under Code of Civil Procedure section 473.5, be filed within a reasonable time not exceeding two years from the entry of the default judgment, but an independent action in equity to set aside a judgment on that ground is not subject to a time limit. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 [29 Cal.Rptr.2d 746]; 8 Witkin, Cal. Procedure (4th ed. 1997) Attack on Judgment in Trial Court, § 203, p. 708.)

Similarly, on the issue whether Groves should in equity be relieved of the prior judgment, the ruling on the prior motion was that Groves failed to prove an act of fraud on the part of the Petersons or their attorney (emphasized by italics added by the court in its ruling). This did not actually and necessarily decide that Groves was not deprived of the opportunity to defend by extrinsic factors not amounting to fraud by the Petersons. (See *In re Marriage of Park* (1980) 27 Cal.3d 337, 342 [165 Cal.Rptr. 792, 612 P.2d 882]; 8 Witkin, Cal. Procedure, *supra,* Attack on Judgment in Trial Court, § 231, p. 741.)

## DISPOSITION

The judgment is reversed. Costs on appeal are awarded to Groves.

Epstein, J., and Curry, J., concurred.

On August 9, 2002, the opinion was modified to read as printed above.