Ruey Mao CHEN, et al., Plaintiffs—
Appellants,

v.

Yung Yu YANG, et al., Defendants—
Appellees.

Nos. 01–56009, 01–56478.

D.C. No. CV–00–00358–VAP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2002.

Decided Oct. 22, 2002.

Before REINHARDT, TROTT, and
SILVERMAN, Circuit Judges.

MEMORANDUM *

Appellants Ruey Mao Chen and Shu Nu Chen appeal the district court's summary judgment dismissal of their action asserting civil Racketeer Influenced and Corrupt Organizations Act (RICO) and California unfair business practices claims as barred by the statutes of limitation and collateral estoppel. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the grants of summary judgment de novo. *Brown v. Li,* 299 F.3d 1092, 1099–1100 (9th Cir. 2002). The district court dismissed this case on statute of limitations and collateral estoppel grounds. We affirm on the basis of collateral estoppel.

Because the parties are familiar with the facts, we recite them only as necessary for

* This disposition is not appropriate for publication and may not be cited to or by the courts

this decision. We apply California law to determine the preclusive effect of the prior California state court adjudication. 28 U.S.C. § 1738.

To support both the RICO and unfair business practices act claims, the Chens alleged that the Appellees obtained the Chens' property through threats, including a death threat. Appellees previously obtained quiet title to the property by default judgment. The Chens moved to set aside the default judgment on the ground that their failure to defend the lawsuit was the result of the defendants' threats to harm them. In denying the motion to set aside the default judgment, the state court found that the Chens' failure to defend was not the product of fear, but was simply abandonment.

We agree with the district court that this finding was entitled to collateral estoppel effect in the federal RICO case. The doctrine of collateral estoppel precludes a party to prior litigation from litigating issues that were actually litigated and necessarily decided in the prior action. *Vandenberg v. Superior Court,* 21 Cal.4th 815, 88 Cal.Rptr.2d 366, 982 P.2d 229, 236–37 (Cal.1999); *Groves v. Peterson,* 100 Cal. App.4th 659, 667, 123 Cal.Rptr.2d 164 (Ct. App.2002), *amended* 2002 WL 1822949 (Aug. 9, 2002).

Under California law, collateral estoppel will not be applied to facts found in connection with a motion to set aside a default judgment where the motion was decided on declarations only, and there was no oral testimony. *Groves,* 100 Cal.App.4th at 668–69, 123 Cal.Rptr.2d 164; *Rohrbasser v. Lederer,* 179 Cal.App.3d 290, 298–99, 224 Cal.Rptr. 791 (Ct.App.1986). However, that was not the situation in this case. At the hearing on the motion to set aside the

of this circuit except as provided by Ninth Circuit Rule 36–3.

judgment, both parties submitted transcripts of deposition testimony—oral testimony taken under oath and subject to cross-examination. Those depositions were taken after the default judgment was entered, and for the purposes of the motion. The testimony submitted to the court was the equivalent of trial testimony in all respects except that it was taken in a deposition room instead of a courtroom. Collateral estoppel will apply to findings in connection with a motion to set aside the default judgment when "the moving party was in fact given a hearing on the motion that was the equivalent of a trial with oral testimony." *Groves,* 100 Cal.App.4th at 668, 123 Cal.Rptr.2d 164. Because that is what occurred here, collateral estoppel applies to the state court's findings—findings that are fatal to the Chens' RICO and unfair business practices claims.

AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

REINHARDT, Circuit Judge.

I agree with my colleagues that, under California law, only those motions decided after a hearing "that was the equivalent of a trial with oral testimony" may serve as the basis for collateral estoppel. *Groves v. Peterson,* 100 Cal.App.4th 659, 668, 123 Cal.Rptr.2d 164 (2002), *amended by* 2002 WL 1822949 (Aug. 9, 2002). However, the majority errs in finding that the hearing in this case met the California standard. The court ruled on the plaintiffs' motion after reviewing several declarations and depositions; this abbreviated evaluation was appropriate for the disposition of a motion in a summary procedure. Declarations and depositions, however, do not amount to "the equivalent of a trial with oral testimony," particularly if the question at issue turns on an assessment of the parties' relative credibility. *See Mendoza Manim-bao v. Ashcroft,* 298 F.3d 852, 858 (9th Cir.2002) (emphasizing the importance, in evaluating credibility, of nonverbal cues absent from a transcript) (citing *Penasquitos Village, Inc. v. NLRB,* 565 F.2d 1074, 1078–79 (9th Cir.1977)). Because the motion hearing in this case was inadequate to support a finding of collateral estoppel, I respectfully dissent.