Filed 3/23/15  Taylor v. Mr. T. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ALEXANDER E. TAYLOR, | D065559 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. D545233) |
| MR. T., | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of San Diego County, Cindy D. Davis, Judge.  Affirmed.

Alexander E. Taylor, in pro. per, for Plaintiff and Appellant.

Phillips Lerner, Marc Oren Lerner and Autumn Miley-Boland for Defendant and Respondent.

In 2009, a judgment, which is now final, was entered and, by its terms, it determined that defendant and respondent Mr. T. is not the father of plaintiff and appellant Alexander E. Taylor.  That judgment bars Taylor's current petition to establish a parent-child relationship between Mr. T. and Taylor.  Accordingly, we affirm the trial

court's order dismissing Taylor's petition and quashing his request for further testing.

FACTUAL AND PROCEDURAL BACKGROUND

Taylor was born on May 25, 1988 in Chicago, Illinois. Taylor's mother, Vanessa Taylor, was not married.

A. *Illinois Proceedings*

In 1989, Vanessa commenced a paternity action in Illinois against Mr. T. alleging that he was Taylor's father. In 1990, the court in which the paternity action was pending ordered that Taylor, Vanessa and Mr. T. submit to blood tests. The laboratory that conducted the tests reported it was not possible that Mr. T. was Taylor's father. Thereafter, in March 1992, Vanessa stipulated to dismissal of her paternity action without prejudice.

In May 1992, a state's attorney in Illinois filed a complaint alleging that Mr. T. was Taylor's father. The state shortly thereafter voluntarily dismissed the complaint.

A third Illinois paternity complaint, alleging Mr. T. was Taylor's father and also the father of Taylor's younger brother, Nathaniel, was dismissed in 1993.

B. *Prior California Proceedings*

In 1998, the San Diego County District Attorney filed a child support action against Mr T. in which it alleged he was Taylor and Nathaniel's father. Shortly after filing the action, the district attorney dismissed it without prejudice.

In 2002, Vanessa filed a paternity petition in San Diego against Mr. T., in which she again alleged he was Taylor's father. Taylor was joined as a claimant in the action. The trial court dismissed the petition (San Diego County Super. Ct. No. D472096; hereafter D472096) on the grounds that it was barred by the doctrine of res judicata. On

2

appeal, we reversed and remanded for further proceedings.

On remand, in D472096, Mr. T. moved for summary judgment on the grounds DNA testing he submitted showed he was not Taylor's father. Neither Vanessa nor Taylor responded to the motion for summary judgment on the merits; however, Taylor moved to be removed as a claimant. The trial court granted Mr. T.'s motion for summary judgment. With respect to the motion for summary judgment the trial court found:

"There is no triable issue of fact regarding whether Respondent is the father of Claimant because the uncontroverted evidence of Dr. Daniel B. Garner and Dr. Howard M. Gebel establishes that, after drawing blood from Petitioner, Respondent, and Claimant in conformity with the then existing requirements of the Uniform Act on Blood Tests to Determine Paternity (*Evidence Code*, Section 890-897), HLA and DNA paternity tests were conducted by CellMark and HLA Labs, both of which concluded that Respondent is not the father of [Taylor]."

With respect to Taylor's request that he be removed as a claimant in the action, the court stated: "[Taylor's] Order to Show Cause to remove himself as a Claimant in this action is GRANTED, provided however, that the Court's determination of the non-existence of a Parent-Child Relationship between Respondent and Claimant is binding on Claimant." Thus, the trial court relieved Taylor of the obligation to further participate in the case but made its decision on the merits binding on him.

Judgment in D472096 was entered on January 12, 2009 and no appeal from it was taken by Vanessa or Taylor.

C. *These Proceedings*

In 2013, Taylor filed the instant paternity petition and request for DNA testing.

3

Mr. T. moved to quash the service of a summons on him as well as the petition on the grounds they were barred by the doctrines of res judicata and collateral estoppel; the trial court granted the motion and denied Taylor's request for DNA testing; on its own motion the trial court dismissed the action. Taylor, acting in propria persona, filed a timely notice of appeal.

## DISCUSSION

Taylor's action is barred by the doctrine of res judicata and its corollary, collateral estoppel. The judgment in D472096 determined the paternity issue Taylor now raises against him on the merits. It is binding on him here and forecloses the paternity claims he now asserts. (*City of Simi Valley v. Superior Court* (2003) 111 Cal.App.4th 1077, 1082 [res judicata]; *Groves v. Peterson* (2002) 100 Cal.App.4th 659, 667 [collateral estoppel].)

Although Taylor was a minor at the time the judgment in D472096 was entered, his minority did not deprive that judgment of its res judicata or collateral estoppel effect. In this regard, we note that Family Code section 7635[1] required that he be made a party

---

[1]    Family Code section 7635 states: "(a) The child may, if under the age of 12 years, and shall, if 12 years of age or older, be made a party to the action. If the child is a minor and a party to the action, the child shall be represented by a guardian ad litem appointed by the court. The guardian ad litem need not be represented by counsel if the guardian ad litem is a relative of the child.

"(b) The natural parent, each person presumed to be a parent under Section 7611, and each man alleged to be the natural father, may be made parties and shall be given notice of the action in the manner prescribed in Section 7666 and an opportunity to be heard. Appointment of a guardian ad litem shall not be required for a minor who is a parent of the child who is the subject of the petition to establish parental relationship, unless the minor parent is unable to understand the nature of the proceedings or to assist counsel in preparing the case.

"(c) The court may align the parties.

4

to the action in D472096 and that a guardian ad litem be appointed to act on his behalf in that action.  That portion of the record in D472096, which is part of the record on appeal here, indicates that, consistent with Family Code section 7635, Taylor was made a party to the action and that the trial court intended its resolution of paternity be binding on Taylor as well as Vanessa.  Hence, unless the judgment in D472096 is set aside, it is binding on Taylor and bars his current claim.  (See *City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1066.)  Taylor has not asserted any grounds for setting aside the judgment in D472096.

### DISPOSITION

The judgment is affirmed.  Mr. T. to recover his costs on appeal.

BENKE, Acting P. J.

WE CONCUR:

McDONALD, J.

IRION, J.

---

"(d) In any initial or subsequent proceeding under this chapter where custody of, or visitation with, a minor child is in issue, the court may, if it determines it would be in the best interest of the minor child, appoint private counsel to represent the interests of the minor child pursuant to Chapter 10 (commencing with Section 3150) of Part 2 of Division 8."