Filed 6/6/25  Echols v. County of Los Angeles Child Support Services CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| AARON ECHOLS, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES CHILD SUPPORT SERVICES DEPARTMENT, Defendant and Respondent. | B339423 Los Angeles County Super. Ct. No. 23STCV30705 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rupert A. Byrdsong.  Reversed and remanded.

Aaron Echols, in pro per., for Plaintiff and Appellant.

Law Offices of Torres & Brenner and Anita Susan Brenner for Defendant and Respondent.

## INTRODUCTION

Aaron Echols seeks, in equity, to vacate a default judgment entered against him in a prior case. He alleges that the default judgment against him in the original case is void because he was never served with copies of a summons and complaint. The County filed a demurrer to Echols's complaint. The trial court sustained the demurrer without leave to amend.

We reverse. As we explain below, under well-settled law, the County did not state proper grounds for a demurrer below and does not do so on appeal. Accordingly, we remand for further proceedings.

## BACKGROUND

### I.     The Prior Action[1]

On September 13, 1998, the County filed a complaint for child support against Echols in *County of Los Angeles v. Echols*, Case No. BY0347481. The County filed a proof of service stating that Echols was served on September 26, 1998 by leaving the relevant documents with a co-tenant at 1199 S. Orange Grove Ave in Los Angeles.

In this action, Echols alleges that he has never resided at that address. He alleges he never knew the tenant with whom the documents were left. According to Echols's pleading in this

---

1      On review of an order sustaining a demurrer, "'[w]e treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.'" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Thus, the following facts are taken from Echols's complaint, the exhibits attached thereto, and the minute orders filed in the prior lawsuit included in the appellate record. (Evid. Code, § 452, subd. (d).)

case, the County knew that he did not live at the address in question.

Echols failed to file a timely response to the complaint filed in the original case. On November 25, 1998, a trial court entered a default judgment in the County's favor, per the County's request. The judgment required Echols to pay monthly child support beginning October 1, 1998.

Echols alleges that he first learned of the default judgment against him on April 19, 1999, when he was served at work with an order garnishing his wages to satisfy his child support obligation. He "immediately filed a motion to set aside the default" due to improper service. At a hearing held on September 5, 2001, a trial court denied the motion, explaining in its minute order that: "The Court finds that service was good[.]"

In October 2002, a trial court denied another motion filed by Echols seeking to vacate the judgment due to lack of proper service. Its minute order for the hearing states: "The Court finds this motion is without proper authority and there was a finding of proper service on [Echols's] prior motions."

In 2017, Echols filed two additional motions to set aside the judgment. The first motion, filed ex parte, was taken off-calendar when Echols failed to appear at a hearing. A trial court denied the second motion in November 2017.

## II.    The Present Case

In December 2023, Echols initiated the present action. His complaint alleges that the 1998 default judgment is void due to lack of personal jurisdiction arising from extrinsic fraud or mistake. As noted, he alleges that he was never properly served with copies of the summons and complaint in the prior action.

3

The County demurred.  The stated grounds for the demurrer were that:  (1) the trial court lacked subject matter jurisdiction over his claims; and (2) the complaint failed to state facts sufficient to constitute a cause of action.  (Code Civ. Proc., § 430.10, subds. (a) & (e).)  As to the latter ground, the County argued that Echols was not entitled to the relief sought based on collateral estoppel, and because "[e]quitable defenses bar relief." (Bolded text omitted.)  Though the County briefly referenced the doctrines of inexcusable neglect and laches, it did not explain how either one applied to the facts of Echols's case.

The trial court sustained the demurrer without leave to amend at an unreported hearing held in May 2024.  Echols timely appealed.

## DISCUSSION

### I.    Standard of Review

"On appeal from a dismissal after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law." (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.)  "'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.] We also consider matters which may be judicially noticed.' [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context." (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)

### II.   Analysis

Both below and on appeal, the County's principal contention is that Echols's complaint is barred by the doctrine of

issue preclusion.[2] "Issue preclusion . . . prevents 'relitigation of previously decided issues' . . . ." (*Samara*, *supra*, 5 Cal.5th at p. 327.)  This contention fails.

It is true, and Echols admits, that the issue of improper service of process was decided against Echols in the prior action. But that is not enough to invoke the doctrine of issue preclusion in this case.  Under well-settled law, there is a special exception to the application of issue preclusion when a party (a) has had a default judgment entered against him or her and then (b) brings a separate and independent action in equity to vacate that default judgment as void.  (*Groves v. Peterson* (2002) 100 Cal.App.4th 659, 661 (*Groves*).)

*Groves*, *supra*, 100 Cal.App.5th 4th 659, is directly on point. There, the plaintiff filed an independent action in equity to vacate a default judgment entered against him.  (*Id.* at p. 661.) The plaintiff claimed that the default judgment was void due to invalid service of the summons and complaint.  (*Id.* at pp. 661, 665.)  The trial court sustained a demurrer on issue preclusion grounds.  (*Id.* at p. 666.)  It reasoned that the second action was barred because in the first action the plaintiff had already litigated (and lost) a motion to set aside the default and default judgment due to improper service of process.  (*Id.* at pp. 666-667.)

---

2      In their briefing on appeal, the parties use the older term "collateral estoppel" to refer to the doctrine of issue preclusion. In this opinion, we refer to this doctrine as "issue preclusion," its current preferred name.  (See *Samara v. Matar* (2018) 5 Cal.5th 322, 326 (*Samara*) ["We . . . use 'issue preclusion' in place of 'direct or collateral estoppel'"]; *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 ["Issue preclusion, . . . historically called collateral estoppel, describes the bar on relitigating issues that were argued and decided in the first suit"].)

This court reversed.  We explained that "a long line of cases holds the prior denial of a motion in the underlying case to set aside a default and default judgment has no collateral estoppel effect to bar an independent action in equity directly attacking the prior judgment.[3]"  (*Groves*, *supra*, 100 Cal.App.4th pp. 661-662, italics omitted; see also *Rohrbasser v. Lederer* (1986) 179 Cal.App.3d 290, 297-298 (*Rohrbasser*);  Weil & Brown*,* Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2025*)* ¶ 5:464 ["[a] judgment procured by extrinsic fraud or mistake may be attacked by a motion in the same action or an independent suit to set aside the judgment.  The remedies are distinct and cumulative so that denial of the motion is not res judicata or collateral estoppel as to a later, independent suit on the same grounds"].)

The same is true here.  Echols's case is not barred simply because he litigated the issue of invalid service of process in his

---

3      This court also explained the reasons underlying the rule, stating: "[I]n the motion procedure, the moving party is limited to presenting ex parte affidavits of voluntary witnesses, unless the trial court in its discretion permits a greater latitude.  The party does not have the right to produce oral testimony or to compel witnesses to attend for deposition or cross-examination.  In other words, the motion procedure does not involve all the aspects of full litigation.  The remedies of a motion in the underlying case and an independent action in equity are cumulative.  The motion procedure is simpler and more convenient.  The party should be entitled to resort first to the convenient and expeditious remedy, without penalty of the bar of collateral estoppel if the motion is denied.  Despite denial of the motion, the party may then pursue an independent action that affords the party all the advantages of a regular trial of the issue." (*Groves,* at pp. 667-668.)

prior action.  Under settled law, the equitable remedy Echols invokes in this case is cumulative.

*Groves* did recognize an exception, but that exception does not help the County.  When "the record of the . . . proceedings" from an original default judgment proceeding shows that a motion to vacate the judgment was originally litigated in "a hearing . . . that was the equivalent of a trial with oral testimony," that may be enough for the denial of that motion to have issue-preclusive effect on a later action in equity to set the judgment aside.  (*Groves*, *supra*, 100 Cal.App.4th at pp. 668.)  But the record here does not indicate any "hearing . . . equivalent [to] a trial with oral testimony" was held on Echols's motions to vacate filed in the prior action.  (*Ibid.*)  Thus, applying *Groves* to the record before us, issue preclusion does not apply.

As an independent argument, the County contends that the demurrer was properly sustained because the trial court lacked subject matter jurisdiction over Echols's claims under *Alvarez v. Superior Court* (2004) 117 Cal.App.4th 1107 (*Alvarez*).  The County points to the following language in *Alvarez*: "'It is often said as a general rule one trial judge cannot reconsider and overrule an order of another trial judge.'"  (*Id.* at p. 1111.)

*Alvarez* does not apply.  Echols does not seek reconsideration of any ruling from any prior judge.  (Cf. *Alvarez*, *supra*, 117 Cal.App.4th at p. 1111.)  Instead, he advances a collateral attack on the validity of the default judgment, through a procedure (an independent equitable action) that has long been recognized by the California courts.  "It is well settled in California that a judgment procured by extrinsic fraud or mistake may be attacked either by a motion in the same action or by an independent action in a court having equity jurisdiction, and that

7

each remedy is distinct and cumulative." (*Rohrbasser, supra*, 179 Cal.App.3d at p. 297; *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228 ["even where relief is no longer available under statutory provisions, a trial court generally retains the inherent power to vacate a default judgment or order on equitable grounds where a party establishes that the judgment or order was void for lack of due process [citation] or resulted from extrinsic fraud or mistake"].)  Thus, the County's reliance on *Alvarez* is incorrect.

Finally, the County makes a conclusory argument that the demurrer was properly sustained based on "fundamental principles of equity."  But the County does not describe those "fundamental principles of equity" or explain how, even generally, such principles are applicable here.  Accordingly, we reject this argument in support of the demurrer because it is unaccompanied by reasoned argument supported by citation to pertinent legal authorities.  (See *Schmidt v. Bank of America, N.A.* (2014) 223 Cal.App.4th 1489, 1509 [rejecting respondent's argument for affirmance where respondent failed to "explain[ ] why it [was] entitled to summary judgment on [the] ground" in question and "d[id] not offer any legal authority" to support its contention].)

In asserting "[e]quitable defenses d[o] not favor relief," the County briefly notes that Echols participated in some of the proceedings in the prior action after his first motion to vacate was denied.  But the County does not explain why Echols's participation in the prior action is legally relevant or would support any particular equitable defense.  The County also briefly references "'[c]oncepts of inexcusable neglect and laches.'" (Bolded text omitted.)  But, again, the County does not offer any

8

legal or factual argument in support of either defense's application in this case.

Notably, this is not a case where it is clear, even without argument or citation to authority, that equitable principles compel dismissal. For example, a party's mere participation in a child support action following a default judgment is not generally enough, without more, to bar that party from subsequently setting aside the default judgment based on fraudulent service of process. (*In re Marriage of Smith* (1982) 135 Cal.App.3d 543, 546.) Similarly, laches is an affirmative defense with a number of elements, some of which may or may not apply here. (See *Magic Kitchen LLC v. Good Things Internat., Ltd.* (2007) 153 Cal.App.4th 1144, 1157 ["A defendant must demonstrate three elements to successfully assert a laches defense: (1) delay in asserting a right or a claim; (2) the delay was not reasonable or excusable; and (3) prejudice to the party against whom laches is asserted"].) Indeed, one court has explained—in a case involving fraudulent service of process—that when there has been a "complete failure of service of process" "'neither laches nor the ordinary statute of limitation may be invoked as a defense' against an action or proceeding to vacate such a judgment or order." (*County of San Diego v. Gorham*, *supra*, 186 Cal.App.4th at pp. 1229-1232.)

Put simply, the County "has not shown through argument or authority how[,]" any equitable defense bars Echols from obtaining the relief he seeks, so as to justify the trial court's sustaining of the demurrer. (*Schmidt. v. Bank of America, N.A.*, *supra*, 223 Cal.App.4th at p. 1509.)[4]

---

4    To be clear, we do not intend this decision to bar the County from raising any particular equitable defense on remand.

9

In sum, for the reasons stated above, we conclude the trial court erred by sustaining the County's demurrer to Echols's complaint. We therefore need not—and do not—address whether it abused its discretion by declining to grant him leave to amend.

## DISPOSITION

The judgment is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion. Echols is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

DAUM, J.*

We concur:

ZUKIN, Acting P.J.

MORI, J.

_____

The County may raise equitable defenses on remand if it is appropriate to do so; Echols, if appropriate, may oppose such defenses. It is ultimately for the trial court to assess the validity of the County's equitable defenses, if any. But we are not tasked on this appeal with developing contentions that the County failed to assert below or before this court. (*Fox v. Erickson* (1950) 99 Cal.App.2d 740, 742 ["Appellate courts will not act as counsel for either party to an appeal"].)

* Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article IV, section 6 of the California Constitution.