[Civ. No. 18966. Second Dist., Div. Two. Oct. 2, 1952.]

ED CARL ROSS, Respondent, v. A. L. MURPHY et al., Appellant.

Porter C. Blackburn for Appellant.

Samuel Reisman and Norman Pittluck for Respondent.

McCOMB, J.—From an order of Judge Ingall W. Bull setting aside an order of Judge Charles S. Haas, both of the Superior Court of Los Angeles County, directing the county

clerk to file findings of fact, conclusions of law and a judgment of Judge Pat R. Parker[1] in favor of defendant which had been signed prior to Judge Parker's death but not filed with the county clerk, defendant appeals.

## CHRONOLOGY

i. March 30, 1948, Judge Parker caused to be entered a minute order giving judgment for defendant, in a trial over which he had presided, in which plaintiff and defendant were parties.

ii. April 30, 1948, Judge Parker signed findings of fact, conclusions of law and a judgment.

iii. August 2, 1948, Judge Parker died.

iv. September 13, 1948, Judge Haas by an ex parte order directed the county clerk to file the findings of fact, conclusions of law and judgment theretofore signed by Judge Parker.

v. November 5, 1948, Judge Bull, after notice to both parties and a hearing, granted plaintiff's motion to vacate the order of Judge Haas (dated September 13, 1948) and to strike from the county clerk's files the findings of fact, conclusions of law and judgment signed by Judge Parker.

It is from this order that defendant appeals.

■ *Questions:* First: *Was Judge Haas's order void?*
*Yes*, and this pertinent rule is applicable:

When a case is tried by the court without a jury and the judge signs findings of fact, conclusions of law and a judgment, but before they are filed he vacates his office,[2] his successor is without power to order the documents filed and such order is void. (*Connolly* v. *Ashworth*, 98 Cal. 205 [33 P. 60] et seq. *Cf. Reimer* v. *Firpo*, 94 Cal.App.2d 798, 801 [4] [212 P.2d 23]; *Martello* v. *Superior Court*, 202 Cal. 400, 407 [7] [261 P. 476]; *Guardianship* of *Sullivan*, 143 Cal. 462, 467 [77 P. 153].)

*Telefilm Inc.* v. *Superior Court*, 33 Cal.2d 289 [201 P.2d 811, is not here in point. In the Telefilm case a motion for a new trial was granted by a judge other than the one who had

---

[1] Judge Parker, a regular judge of the Superior Court of Mono County, had been duly assigned to the Superior Court of Los Angeles County by the Chairman of the Judicial Council of the State of California.

[2] There can be no doubt that upon the death of Judge Parker his office became vacant. Section 1770, Government Code, title 1, division 4, chapter 4, article 2, reads in part as follows: ''An office becomes vacant on the happening of any of the following events before the expiration of the term: (a) The death of the incumbent.''

originally tried the case. The Supreme Court upheld this order because of the statutory provisions authorizing this procedure. (See *Telefilm Inc. v. Superior Court, supra,* 292 [1].)

Second: *Does one judge of a superior court have the power to vacate a void order of another judge of the superior court who has coordinate jurisdiction with him?*

*Yes.* Section 473 of the Code of Civil Procedure provides in part: "the court may . . . on motion of either party, after notice to the other, set aside any void judgment or order." (*Provencher* v. *City of Los Angeles,* 10 Cal.App.2d 730, 733 [4] [52 P.2d 983].) However, independent of section 473 of the Code of Civil Procedure, the right exists to have a void judgment vacated and set aside upon motion of the aggrieved party. (*George Frank Co.* v. *Leopold & Ferron Co.,* 13 Cal.App. 59, 61 [108 P. 878]; *Richert* v. *Benson Lbr. Co.,* 139 Cal.App. 671, 674 [2] [34 P.2d 840].)

Affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 25, 1952. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.