[Civ. No. 26224. Second Dist., Div. Four. Jan. 14, 1963.]

WILLIE EDITH MYERS, Plaintiff and Respondent, v. DERREL DANFORD WASHINGTON, Defendant and Appellant.

768

Ernest M. Miller and G. G. Baumen for Defendant and Appellant.

Ralph R. Sleeper and Robert M. Bushnell for Plaintiff and Respondent.

BISHOP, J. pro tem.*—[ This is an appeal by the defendant from an order made October 25, 1961, denying his motion to set aside the default judgment that had been entered January 27, 1960. The ground of the motion was that the judgment, one entered by a court commissioner, granted relief not demanded in the complaint and therefore unauthorized because of the restrictions of section 580, Code of Civil Procedure. The motion was well grounded, we have concluded, and its denial is not to be justified because of the fact the defendant had brought two equity actions after the judgment was entered in which he sought without success to have it set aside.

The pertinent provision of section 580 is quite explicit: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. . . ." The reported decisions have not watered down this prohibition but have given it full effect. For example, we find it said in *Burtnett* v. *King,* 33 Cal.2d 805, 808 [205 P.2d 657, 12 A.L.R.2d 333]: "It is a settled rule, and has been clearly stated in many recent authorities, that a default judgment by the court that exceeds the demand or gives relief where no demand is made therefor is void as in excess of the court's jurisdiction. . . ." (See also *Craft* v.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

*Craft,* 49 Cal.2d 189, 192-193 [316 P.2d 345], and *Gudarov* v. *Hadjieff,* 38 Cal.2d 412 [240 P.2d 621].)

That the default judgment in our case runs afoul of the rule becomes clear as we compare the demands of the complaint with the terms of the judgment. The complaint alleged that the parties had formed a partnership to buy real estate and improve it by constructing residences; that they did buy and build but that defendant took possession of part of the partnership property and by threats of violence ousted plaintiff from certain improved real estate; that defendant has since then refused to carry on partnership business and has refused to permit plaintiff to do so; that defendant has further refused to account for partnership property held by him worth in excess of $8,000. In the prayer of the complaint plaintiff asked: That the partnership be declared to be dissolved and terminated; that a receiver be appointed and defendant restrained from disposing of partnership property; that an account be taken of all partnership dealings from the beginning; that the partnership property be sold, debts paid and surplus divided equally between the parties and that such other relief be granted as appeared meet and just.

The default judgment adjudged and decreed that the parties had entered into a joint enterprise or joint venture; that the joint venture has been dissolved before the filing of the complaint; that the agreement of joint venture was breached prior to such dissolution; that the plaintiff is entitled to judgment against defendant by reason of the breach and is awarded the sum of $4,000; and that in aid of any execution plaintiff is awarded a lien upon the property referred to in the complaint.

The gap between the demand of the complaint and the terms of the judgment is especially pronounced in this case because of its nature. The complaint proceeds upon the theory that the parties had been partners and seeks a dissolution and an accounting of the assets and liabilities to be followed by a division of whatever is left over. This is the proper relief to be sought in an action ending the life of a partnership. (*Hooper* v. *Barranti,* 81 Cal.App.2d 570, 578 [184 P.2d 688]; *Prince* v. *Harting,* 177 Cal.App.2d 720, 732 [2 Cal.Rptr. 545].) The judgment proceeds, however, on the theory that the joint adventure had been terminated before the action was commenced due to defendant's breach and awarded plaintiff damages (not using the word), and instead of ordering the partnership property which had been

identified in the complaint sold and divided after the debts of the partnership were paid, placed a lien on it for plaintiff's benefit. We see no room for doubt that the terms of the judgment did not match the demand of the complaint.

The motion to vacate the judgment was made more than six months after the default judgment was entered and so, of course, more than that time after the default was taken. But this does not shut the door on the fact that from the judgment roll itself it is apparent that the trial court awarded plaintiff relief which the code section says could not be given. We read in *Craft* v. *Craft, supra,* 49 Cal.2d 189, 192, where the court was referring to the ''error'' of awarding relief in excess of that demanded: ''The error was not urged by a timely appeal or motion for relief under section 473 of the Code of Civil Procedure, but defendant may nevertheless attack the provisions of the interlocutory decree at any time if they are void on the face of the record'' as it found them to be. ▮ In *Hayashi* v. *Lorenz,* 42 Cal.2d 848, 851 [271 P.2d 18], our Supreme Court quoted from an earlier case: '' 'It is well settled that a judgment or order which is void on its face, and which requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion at any time after its entry, by the court which rendered the judgment or made the order.' '' ▮ Then, too, the void judgment may be set aside by a judge other than the one who made it. (*Ross* v. *Murphy,* 113 Cal.App.2d 453, 455 [248 P.2d 122].)

▮▮ This leaves for our consideration the matters set up in the affidavit of plaintiff's counsel in opposition to the motion to strike the judgment. He alleges defendant brought two actions in equity in the superior court by which he sought to have this default judgment vacated and set aside. In response to plaintiff's motion, on this appeal, the files in this case and in the two equity cases referred to, are before us. Moreover, plaintiff's reference to these cases in her counsel's affidavit filed in this case enabled the trial court to take judicial notice of files in the equity cases and so may we. (*Flores* v. *Arroyo,* 56 Cal.2d 492, 496-497 [15 Cal.Rptr. 87, 364 P.2d 263]; *Stafford* v. *Ware,* 187 Cal.App.2d 227 [9 Cal.Rptr. 706].)

In the first of the two equity cases which we shall call the ''second case'' it was sought to vacate the default judgment in our first case on the ground that summons had never been served, and so it was the result of extrinsic fraud. The case

went to trial; it was found that summons had been served; the judgment went against the plaintiff. This judgment was no defense to the motion in our case for two reasons. In the first place, an appeal was taken and has not yet been disposed of. This fact we discover from the file itself and from the allegation in the affidavit of plaintiff's counsel above referred to that "a notice of appeal has been filed [in the second case] which has not been dismissed." Counsel was stating that which was true in his affidavit. As the judgment in the case was not final, it affords no basis for the plea of res judicata. (*Estate of Ricks,* 160 Cal. 450 [117 P. 532] ; *Tatum* v. *Levi,* 117 Cal.App. 83 [3 P.2d 963].) Moreover, the fatal defect which we see in the default judgment was not raised in the second action and could not have been used as a ground of that action because "It is elemental that a court of equity will not grant relief where a party has not exhausted his legal remedies available in the action in which the judgment was rendered. [Citing cases.]" (*Harpke* v. *Lankershim Estate,* 101 Cal.App.2d 49, 50 [224 P.2d 899].)

The third case furnishes an even weaker defense for the order on appeal. To be true, in it the point was raised that the terms of the judgment in this case were not responsive to the demand of the complaint. But the case is not yet at issue and, of course, having been brought before the motion was made in the case under review, is subject to the defect last referred to in the preceding paragraph.

Nor can it be made use of to justify the order appealed from on the ground that the requirements of section 1008 of the Code of Civil Procedure had not been met. If the complaint in the third action could be said to be "an application for an order . . . made to a judge" it certainly cannot be said at this stage of its history to have been "refused in whole or in part, or granted conditionally, or on terms." Section 1008 was not applicable to defendant's motion to set the judgment aside in either the second or the third case.

 Being of the opinion the motion should have been granted we reverse the order denying defendant's motion with directions to grant it.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied February 4, 1963, and respondent's petition for a hearing by the Supreme Court was denied March 13, 1963.