[No. B191815. Second Dist., Div. Six. Dec. 18, 2006.]

CAROL ANN LEVINE, Plaintiff and Appellant, v.
LAWRENCE G. SMITH, Defendant and Respondent.

**COUNSEL**

Gregory T. May for Plaintiff and Appellant.

Lawrence G. Smith, in pro. per., for Defendant and Respondent.

**OPINION**

**YEGAN, Acting P. J.**—Carol Ann Levine appeals from a Santa Barbara Superior Court order setting aside her $2.5 million Alameda Superior Court default judgment. The default judgment was set aside as void because it is greater than the amount demanded in her first amended complaint. (Code Civ. Proc., § 580; *Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 [231 Cal.Rptr. 220, 726 P.2d 1295].)[1] We affirm.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

*Facts and Procedural History*

Respondent Lawrence G. Smith (respondent) is an attorney who represented appellant from 1995 to 1997 in a sexual harassment and gender bias action against the University of California (University). Respondent was appellant's third attorney and filed first and second amended complaints which were demurred to by University. Respondent urged appellant to hire new counsel and was granted permission to withdraw as appellant's attorney.

In 2001, appellant sued respondent and her other attorneys in Alameda County Superior Court based on theories of professional negligence, breach of contract, and fraud. (*Levine v. Moriarty* (Super. Ct. Alameda County) 2001 No. 790398-8.) The 16th cause of action for emotional distress was also based on respondent's alleged failure to provide competent legal services. Like the other causes of action, it prayed for damages according to proof.

Respondent was served with the first amended complaint and a statement of damages (§ 425.11), but did not file an answer. After a default was entered, he filed a motion to vacate the default. (§ 473, subd. (b).) The Alameda County Superior Court denied the motion on the ground that it was untimely. A $2,501,733 default judgment was entered against respondent.

Approximately a year had a half later, appellant instituted a collection action in the Santa Barbara Superior Court (*Levine v. Moriarty* (Super. Ct. Santa Barbara County) 2006, No. 1110833), by filing an abstract of default judgment and an application to sell respondent's residence. (§ 704.750, subd. (b).) Respondent moved to set aside the default judgment on the ground that the damages awarded exceeded the amount pleaded in the Alameda County complaint. (§ 580.) Respondent further argued that the statement of damages (§ 425.11), filed before the default was taken in 2001, was ineffective because the action was for legal malpractice, not personal injury.

The Santa Barbara Superior Court, by written order found that the default judgment was based on "a legal malpractice action, and the emotional distress claim is merely incidental. Thus, the service of the statement of damages is irrelevant, and the default judgment must be limited to the amount demanded in the complaint. Since no amount was stated in the complaint, the judgment rendered violates CCP 580 and is void."

*Priority of Jurisdiction Rules*

■ Appellant asserts that a superior court judge may not review the judgment of another superior court judge unless the first judge is unavailable.

(*Geddes v. Superior Court* (2005) 126 Cal.App.4th 417, 425–426 [23 Cal.Rptr.3d 857]; *Ford v. Superior Court* (1986) 188 Cal.App.3d 737, 742 [233 Cal.Rptr. 607] [judgment rendered in one department of the superior court is binding on other superior court departments until such time as the judgment is overturned].) " 'Even between superior courts of different counties, having coequal jurisdiction over a matter, the first court of equal dignity to assume and exercise jurisdiction over a matter acquires exclusive jurisdiction. [Citations.]' " (*Silverman v. Superior Court* (1988) 203 Cal.App.3d 145, 151 [249 Cal.Rptr. 724].) Where, however, the judgment is final, it may be set aside as a void judgment by a judge other than the one who granted the default judgment. (*Myers v. Washington* (1963) 211 Cal.App.2d 767, 771 [27 Cal.Rptr. 778]; *Ross v. Murphy* (1952) 113 Cal.App.2d 453, 455 [248 P.2d 122].)

Under the doctrine of priority of jurisdiction, the first superior court to assume and exercise jurisdiction in the case acquires exclusive jurisdiction until the matter is disposed of. (2 Witkin, Cal. Procedure, Courts, *supra*, § 232, pp. 302–304; see, e.g., *Ford v. Superior Court, supra*, 188 Cal.App.3d at pp. 741–742.) The doctrine avoids the risk of simultaneous proceedings or conflicting decisions. (*Wozniak v. Lucutz* (2002) 102 Cal.App.4th 1031, 1040–1041 [126 Cal.Rptr.2d 310].) "[A]nother court, though it might originally have taken jurisdiction, is wholly without power to interfere, and may be restrained by prohibition. [Citation.] The rule is generally invoked where a proceeding is still pending; when it is completed and judgment has become final, jurisdiction has been exhausted and the rule has no application." (*Browne v. Superior Court* (1940) 16 Cal.2d 593, 597 [107 P.2d 1].)

Here the default judgment was entered in the Alameda County action and constituted a final disposition of the case. Appellant instituted a new action to collect over a year later in Santa Barbara County. This was a new proceeding. (§ 704.750, subd. (b); see § 392, subd. (a)(2) [foreclosure of liens on real property]; see, e.g., *Young. v. The Young Holdings Corp., Ltd.* (1938) 27 Cal.App.2d 129, 146–147 [80 P.2d 723]; 8 Witkin, Cal. Procedure (4th ed. 1997) Enforcement of Judgment, § 211, p. 223.) It created a forum for respondent to challenge the judgment as void.[2] "[I]ndependent of section 473 of the Code of Civil Procedure, the right exists to have a void judgment vacated and set aside upon motion of the aggrieved party. [Citations.]" (*Ross v. Murphy, supra*, 113 Cal.App.2d at p. 455.)

---

[2] Appellant asserts that a motion to set aside the default judgment is a collateral attack on the judgment and is limited to errors on the face of the judgment. A collateral attack will lie where the default judgment exceeds the amount demanded in the complaint. (*Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 493 [165 Cal.Rptr. 825, 612 P.2d 915]; *Molen v. Friedman* (1998) 64 Cal.App.4th 1149, 1156 [75 Cal.Rptr.2d 651].)

Appellant cites no authority that the Santa Barbara Superior Court lacked jurisdiction to determine whether the default judgment was void. This was and is a valid defense to the enforcement of the Alameda County judgment. (See *Bank of Italy v. Cadenasso* (1929) 206 Cal. 436, 437–438 [274 P. 534] [void judgment may be attacked anywhere, directly or indirectly]; *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1240 [79 Cal.Rptr.2d 719] [a void judgment " ' "is, in legal effect, no judgment." ' "].)

■ Appellant contends that if we affirm the order declaring the Alameda judgment void we will encourage forum shopping. But respondent did not choose the Santa Barbara Superior Court. Appellant did. We only hold that in an action to enforce a judgment rendered in county No. 1, a superior court in county No. 2 may rule that the county No. 1 judgment is void as a defense to enforcement in county No. 2.

*Void Judgment*

■ Appellant claims that the Santa Barbara County Superior Court erred in setting aside the default judgment as void. It is well settled that a trial court may not grant a default judgment which exceeds the amount demanded in the complaint. (*Becker v. S.V.P. Construction Co., supra,* 27 Cal.3d at p. 494; *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 830 [26 Cal.Rptr.3d 104]; *Finney v. Gomez* (2003) 111 Cal.App.4th 527, 535 [3 Cal.Rptr.3d 604] ["The notice requirements of due process lie at the core of section 580" and "must be strictly construed."].) "Section 580, and related sections . . . 425.10 and 425.11, aim to ensure that a defendant who declines to contest an action does not thereby subject himself to open-ended liability. . . . [T]he Courts of Appeal have consistently read the code to mean that a default judgment greater than the amount specifically demanded is void as beyond the [trial] court's jurisdiction. [Citations.]" (*Greenup v. Rodman, supra,* 42 Cal.3d at p. 826.)

Appellant's first amended complaint alleged damages "in an amount according to proof." Before the default was entered against respondent, appellant filed a statement of damages for $5.6 million damages and $3 million punitive damages. (§ 425.11.)

The Santa Barbara County Superior Court correctly found that the Alameda County action was for legal malpractice and that a statement of damages could not be used to satisfy the notice requirements of section 580. "Statements of damages are used only in personal injury and wrongful death . . . . [Citation.] In all other cases, when recovering damages in a default judgment,

the plaintiff is limited to the damages specified in the complaint. [Citations.]" (*Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 206, fn. 4 [26 Cal.Rptr.3d 823].)

In *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161 [36 Cal.Rptr.3d 663], the trial court struck the defendant's answer in an action for misappropriation of trade secrets. The complaint sought damages " 'in an amount in excess of $50,000 and according to proof.' " (*Id.*, at p. 1168.) The plaintiff filed a statement of damages (§ 425.11) before a default judgment was entered against defendant for $24,040,272 damages. Citing *Greenup v. Rodman, supra*, 42 Cal.3d 822 the Court of Appeal held section 580 limited the trial court's jurisdiction and that the default judgment could not exceed the amount demanded in the complaint. "[C]ourts have subjected section 580 to a 'strict construction.' [Citation.] Strictly construed, serving a statement of damages cannot satisfy section 580 in an action not involving personal injury or wrongful death." (*Electronic Funds Solutions, LLC, supra*, 134 Cal.App.4th at p. 1176.)

The same principle applies here. Appellant's first amended complaint was for legal malpractice and sought damages based on contract and tort theories. The 16th cause of action for emotional distress was based on the same professional negligence. It is not an action for "personal injury or wrongful death" within the meaning of section 425.11. Moreover, a plaintiff suing for legal malpractice may not, as a general rule, recover emotional distress damages. (See, e.g., *Pleasant v. Celli* (1993) 18 Cal.App.4th 841, 853–854 [22 Cal.Rptr.2d 663] [no emotional distress damages based on attorney's failure to timely file civil action]; *Camenisch v. Superior Court* (1996) 44 Cal.App.4th 1689, 1697–1698 [52 Cal.Rptr.2d 450] [no emotional distress damages for erroneous estate planning advice]; *Merenda v. Superior Court* (1992) 3 Cal.App.4th 1, 9–11 [4 Cal.Rptr.2d 87].)

The Santa Barbara Superior Court did not err in setting aside the default judgment as void. "Our Supreme Court has held 'a default judgment greater than the amount specifically demanded [in the complaint] is void as beyond the court's jurisdiction.' Where no amount of damages is demanded any amount awarded is by definition greater than the amount demanded." (*Falahati v. Kondo, supra*, 127 Cal.App.4th at pp. 830–831, fns. omitted, quoting *Greenup v. Rodman, supra*, 42 Cal.2d at p. 826.)

The judgment (order setting aside default judgment) is affirmed. Respondent is awarded costs on appeal.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied January 11, 2007, and appellant's petition for review by the Supreme Court was denied April 11, 2007, S149840. George, C. J., did not participate therein. Kennard, J. was of the opinion that the petition should be granted.