Filed 11/9/15  Padilla v. Jakubaitis CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CARLOS PADILLA III, | |
| Plaintiff and Respondent, | G051094 |
| v. | (Super. Ct. No. 30-2012-00553004) |
| FRANK JAKUBAITIS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge.  Reversed with directions.

Frank Jakubaitis, in pro. per.; Weber Firman and Fritz J. Firman for Defendant and Appellant.

Pacific Premier Law Group and Arash Shirdel for Plaintiff and Respondent.

\*          \*          \*

INTRODUCTION

Defendant Frank Jakubaitis[1] appeals from the trial court's order denying his motion to declare void, within the meaning of Code of Civil Procedure section 473, subdivision (d), the default and default judgment entered against him and in favor of plaintiff Carlos Padilla III, in the total amount of $781,095.61. We review de novo whether the default and default judgment are void.

We reverse the default judgment and direct the trial court to set aside the default entered against Frank. The request for default, upon which the court clerk entered Frank's default, is facially and fatally flawed. In the body of the request for default, dated September 22, 2012, Padilla requested that the clerk enter Frank's default "[o]n the complaint or cross-complaint filed [¶] . . . on *(date):* 9/24/12." The clerk accordingly entered Frank's default on September 24, 2012, even though our record shows that not only was there no pleading filed in this case on September 24, 2012, but it was impossible for Frank to be in default for failure to respond to a pleading filed the same date. In addition, the caption of Padilla's request that the court clerk enter Frank's default erroneously identifies the "Defendant/Respondent" to be only Tara, not Frank. The default is therefore void as is the default judgment upon which it is based.

BACKGROUND

In March 2012, Padilla filed a complaint, which named Frank, Tara, Wecosign, Inc. (Wecosign), and Tara Pacific, Inc., as defendants. In the complaint, Padilla alleged, inter alia, the Jakubaitises had failed to repay loans that Padilla had made in the amounts of $44,000 and $45,000, pursuant to the terms of written loan agreements.

---

[1] Frank Jakubaitis's wife, Tara Jakubaitis, is a codefendant in this case but is not a party to this appeal. For the purposes of clarity, we refer to Frank Jakubaitis and Tara Jakubaitis by their first names; we intend no disrespect. We refer to them collectively as the Jakubaitises.

Padilla also alleged he entered into an agreement with the Jakubaitises and Wecosign, in which Padilla invested $100,000 in Wecosign in exchange for 15 million shares of stock in Wecosign, which Padilla never received. Padilla also alleged he was employed by Wecosign but was not paid certain wages and was denied meal and rest periods. The complaint contained 34 causes of action (Frank is a named defendant in each one) that included claims for breach of contract, breach of the covenant of good faith and fair dealing, account stated, quantum meruit, promissory estoppel, unjust enrichment, violation of various Labor Code sections and applicable wage orders, fraudulent transfer, intentional misrepresentation, fraudulent failure to register shares, defamation, violation of section 25401 of the Corporation Code, violation of the Securities Act of 1933 (15 U.S.C. § 77a et seq.), and unfair business practices.

On May 22, 2012, Padilla filed a request for entry of default against Tara in the amount of $1,439,887.95. The court clerk entered Tara's default on that date. On May 30, 2012, Tara filed a motion to set aside the default taken against her and also filed a proposed demurrer and motion to strike portions of the complaint. On June 14, Wecosign filed a motion to strike and a demurrer to the complaint.

On June 19, 2012, Frank filed a demurrer to the complaint. A week later, Padilla filed a request for entry of default against Frank in the amount of $1,440,337.95. Although Frank had filed a demurrer, the clerk entered Frank's default on June 26, 2012.

On June 28, 2012, the clerk entered default against Tara Pacific, Inc., pursuant to Padilla's request of the same date. In July 2012, Padilla filed motions to compel discovery responses for discovery he had propounded.

On August 7, 2012, the trial court held a hearing to address the pending law and motion matters. As to Frank's codefendants' matters, the court (1) sustained in part and overruled in part Wecosign's demurrer, and granted Padilla leave to amend; (2) granted in part and denied in part Wecosign's motion to strike; and (3) ordered the entry of Tara's default vacated on the ground she had not received notice under Code of

3

Civil Procedure section 473.5. As to Frank, the court stated Frank's demurrer was filed before default was entered and, "therefore, his appearance was timely in regard to the default. Despite [Padilla]'s argument that he did not learn of the demurrer until the 07/12/12 CMC [(case management conference)], he still responded and addressed the merits, thus waiving the service defect." The court noted that as in the case of service on Tara, Padilla failed to serve Frank with his opposition to Frank's demurrer at Frank's address of record. Observing that Frank's demurrer appeared to be the same demurrer that Tara had attached to her motion to set aside the default, and, consequently, "[t]he entire demurrer argue[d] that the complaint [wa]s defective as to *Tara*," the trial court overruled Frank's demurrer and ordered Frank to file a responsive pleading within 10 days "of this ruling."

Frank did not file anything on or before August 17, 2012. On August 17, however, Padilla served a first amended complaint, which was filed on August 20. (Apparently, it arrived at the clerk's office too late in the day on August 17 to receive a file stamp that day.)

On September 24, 2012, Shawn Dickerson, the attorney for the Jakubaitises and Wecosign, filed an answer and cross-complaint on behalf of Wecosign only; no responsive pleading to the complaint or first amended complaint was filed on behalf of either Frank or Tara.[2]

On September 24, 2012, Padilla filed a request for entry of default against Frank in the amount of $3,816,209.22. The request erroneously identified Tara (not Frank) as the "Defendant/Respondent" in its caption. It also stated that Padilla was seeking entry of default "[o]n the complaint or cross-complaint filed [¶] . . . on *(date):* 9/24/12." The clerk entered Frank's default in the amount specified on the request on September 24.

---

[2] On August 31, 2012, Dickerson substituted in as counsel for the Jakubaitises and Wecosign.

4

Also on September 24, Padilla successfully requested entry of Tara's default in the amount of $2,789,617.22.[3] (In his respondent's brief, Padilla states that in March 2013, Tara successfully moved to have the entry of default set aside and "is currently litigating the case.")

On September 25, 2012, at the case management conference and hearing on Padilla's pending discovery motions, the court stated the case "is here today for a CMC and a number of motions, all of which have been rendered moot as a result of a remarkably circuitous procedural history." The court stated that Tara's demurrer and motion to strike were moot "by virtue of the filing of the FAC [(first amended complaint)]." The court further stated, "[b]y Code, response to FAC was due yesterday. Only Wecosign answered. [¶] Also, since both Tara and Frank are technically in default, neither ha[s] any obligation to respond to the discovery requests which are the subject of the pending motions. Since the SRogs and RPD to both are no longer viable requests, the motions are substantively moot. Since the discovery was served on the same day that defaults were taken, plaintiff is not the prevailing party entitled to fees/costs."

On November 13, 2012, Padilla requested that default judgment be entered against Frank in the amount of $3,810,635.63. On January 14, 2013, Dickerson filed a notice that a bankruptcy petition had been filed on Frank's behalf on January 9, 2013.

Our record does not reflect whether a default prove-up hearing was held. Nevertheless, on January 25, 2013, the trial court signed a four-page judgment, prepared by Padilla's counsel, stating in part that default judgment was entered in favor of Padilla and against Frank, Tara, and Tara Pacific, Inc., as follows: (1) Padilla shall recover from all three defendants, "jointly and severally, $44,000, $45,000, $100,000, and $1,000,000,

---

[3] Our record shows that the day after their defaults were taken, the Jakubaitises filed a "General Denial." The clerk applied to the court for an order to correct the clerk's mistake in allowing the filing of that document. The court signed an order stating that the Jakubaitises' general denial was stricken.

5

for the sum of $1,189,000"; (2) "[i]n addition," Padilla "shall have and recover from Defendant Frank Jakubaitis, $500,000, $26,592, $500,000, and $1,000,000, for the sum of $2,026,592"; (3) "[i]n addition," Padilla "shall have and recover from Defendants Frank Jakubaitis, and Tara Jakubaitis, jointly and severally, $500,000"; (4) "[i]n addition," Padilla "shall have and recover from Defendants Frank Jakubaitis, Tara Jakubaitis, and Tara Pacific, Inc., jointly and severally, the sum of $28,533.90 in attorney's fees"; (5) "[i]n addition," Padilla "shall have and recover from Defendants Frank Jakubaitis, Tara Jakubaitis, and Tara Pacific, Inc., jointly and severally, the sum $450.00 in costs"; and (6) Padilla shall have and recover from Frank, the amount of $69,059.73 in prejudgment interest. The default judgment went on to state that the court made specific findings that Frank was guilty of actual fraud and engaged in defamatory acts for which the court awarded Padilla a total of $2 million in punitive damages. It also stated the court found all three defendants guilty of actual fraud and awarded Padilla $1 million against them, jointly and severally.

On June 11, 2013, the United States Bankruptcy Court for the Central District of California granted Padilla's uncontested motion for relief from the automatic stay imposed after Frank filed his bankruptcy petition. The stay was "[a]nnulled retroactively to the date of the bankruptcy petition filing."

On June 12, 2013, Frank filed a motion to vacate the default and default judgment entered against him, pursuant to Code of Civil Procedure section 473, subdivision (d). In the motion, Frank asserted the default and default judgment were void due to improper service of the first amended complaint. He also asserted the default judgment was entered in violation of the automatic stay imposed following his bankruptcy petition. In his supporting declaration, Frank stated he had not been properly served with the first amended complaint because it was served on Dickerson as Frank's counsel, but the substitution of counsel stating that Dickerson was Frank's counsel of

6

record had not yet been filed.  He also stated Dickerson did not inform him of the first amended complaint, or that a default and default judgment had been entered against him.

On July 18, 2013, the trial court granted Frank's motion to set aside the default judgment.  The court observed that the proposed judgment that had been prepared by Padilla (and signed by the court) was "far from the model of clarity" as it did not break down what amount was recovered for each of the 34 causes of action.  The court noted the default judgment also "far exceed[ed] the amounts prayed for in the FAC.  Plaintiff Padilla's opposition does not adequately explain why the default judgment is so grossly different than the amounts in the FAC."

The court denied, however, Frank's motion to set aside the default because Frank failed to file a responsive pleading to the original complaint within 10 days of the court overruling his demurrer.  The court explained, "[t]he complaint was not amended in any material way as to Frank Jakubaitis and therefore they are not substantive changes with respect to the causes of action against him.  As a result, the judgment against him was not 'opened up' by the amending of the complaint."

Again without reference in the record to any prove-up hearing, on November 13, 2013, judgment was entered in favor of Padilla and against Frank in the total amount of $781,095.61.

Nine months later, on August 19, 2014, Frank, in propria persona, filed a motion to render the default and default judgment void under Code of Civil Procedure section 473, subdivision (d).  He argued the entry of default and default judgment were improper, were void, and should be vacated pursuant to section 473, subdivision (d).  He also argued the default was "based upon a complaint that became null once the FAC was filed" and upon "new issues that the Court brought up that were never argued or addressed by the Plaintiff's Opposition to Frank Jakubaitis['s] Motion to Vacate."  (Some capitalization omitted.)  In his motion, Frank pointed out that the request for default referred to a complaint dated September 24, 2012.

7

On October 9, 2014, the trial court denied the motion. The court reasoned: "Defendant fails to meet his burden to demonstrate that the court's 11/13/13 default judgment against him is void. When Defendant filed his first motion to set aside the default, Judge Monroe considered these same arguments and ruled against him on July 18, 2013. Defendant did not seek timely reconsideration of that ruling pursuant to CCP § 1008, nor did he seek a writ from the Court of Appeal. Defendant offers no valid legal basis (or any change in circumstances) for this Court to take these issues up once again 15 months later. Plaintiff has incurred substantial attorney's fees and costs in efforts to collect upon the judgment against Mr. Jakubaitis, and he has failed to provide any explanation for not bringing this motion earlier. [¶] Accordingly, Defendant's motion to vacate the entry of default against him is denied on the basis that: (i) it is untimely to the extent that it seeks relief under CCP § 473(b); (ii) Defendant has failed to show grounds for relief under CCP § 473; (iii) the motion appears to be an untimely and meritless effort to obtain reconsideration of Judge Monroe's order denying Defendant's last motion to vacate entry of default (see CCP § 1008); (iv) the doctrine of collateral estoppel bars the Defendant from re-litigating this issue; and (v) Defendant has not shown that entry of default against him was the result of extrinsic fraud or mistake."

On December 4, 2014, Frank timely appealed pursuant to rule 8.104(a) and (e) of the California Rules of Court.[4] We denied Padilla's motion to dismiss the case for lack of jurisdiction and his request to impose sanctions on Frank. We granted Padilla's and Frank's respective requests for judicial notice.

---

[4] "Under long-established precedent, an order denying a statutory motion to vacate judgment (CCP §§473, 473.5, 663) is appealable as an order after final judgment." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2015) ¶ 2:171, p. 2-117, italics omitted, citing, inter alia, *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 663.)

DISCUSSION

I.

GOVERNING LEGAL PRINCIPLES AND STANDARD OF REVIEW

Section 473, subdivision (d) of the Code of Civil Procedure allows a court to set aside any void judgment or order upon the motion of an injured party. Such a motion may be made at any time and it is immaterial how the judgment's invalidity is called to the court's attention. (*Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1320; *Heidary v. Yadollahi* (2002) 99 Cal.App.4th 857, 862; see *Johnson v. E-Z Ins. Brokerage, Inc.* (2009) 175 Cal.App.4th 86, 98 ["Section 473, subdivision (d) allows a trial court to set aside a void judgment without mentioning a time limit."].) "'[I]ndependent of section 473 of the Code of Civil Procedure, the right exists to have a void judgment vacated and set aside upon motion of the aggrieved party. [Citations.]'" (*Levine v. Smith* (2006) 145 Cal.App.4th 1131, 1135, quoting *Ross v. Murphy* (1952) 113 Cal.App.2d 453, 455.)

"'"It is well settled that a judgment or order which is void on its face, and which requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion, at any time after its entry, by the court which rendered the judgment or made the order. [Citations.]" [Citations.]' [Citation.] '"A judgment absolutely void may be attacked anywhere, directly or collaterally whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither a basis nor evidence of any right whatever."' [Citation.]" (*Tearlach Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App.4th 773, 779.)

Furthermore, "'[w]hat is initially void is ever void and life may not be breathed into it by lapse of time.' [Citation.] Consequently under such circumstances, 'neither laches nor the ordinary statutes of limitation may be invoked as a defense' against an action or proceeding to vacate such a judgment or order. [Citation.] And, where evidence is admitted without objection that shows the existence of the invalidity of

9

a judgment or order valid on its face, 'it is the duty of the court to declare the judgment or order void.' (*Thompson v. Cook* (1942) 20 Cal.2d 564, 569 . . . .)" (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1229.)

We review de novo a trial court's ruling on whether a default and default judgment are void. (*Talley v. Valuation Counselors Group, Inc.* (2010) 191 Cal.App.4th 132, 146; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496.)

II.

THE DEFAULT ENTERED AGAINST FRANK WAS VOID; THEREFORE, THE DEFAULT AND
DEFAULT JUDGMENT MUST BE SET ASIDE.

In his opening brief, Frank argues the default was erroneously entered against him as to the original complaint because Padilla filed a first amended complaint which superseded the original complaint. We do not need to decide whether a default could have been taken against Frank as to either the original complaint or the first amended complaint because the request for default, upon which the court clerk entered Frank's default, is void on its face.

"The clerk in entering defaults exercises no judicial functions, but acts merely in a ministerial capacity, and unless he confines himself strictly within the statute, his acts can have no binding force. [Citations.]" (*Reinhart v. Lugo* (1890) 86 Cal. 395, 398-399.) Here, the clerk's task was to determine whether Frank had "been served" and failed to file a response within the allotted time. (Code Civ. Proc., § 585, subd. (a).) Padilla's request for entry of default form, dated September 22, 2012, asked the clerk to enter default "[o]n the complaint or cross-complaint filed [¶] . . . on *(date):* 9/24/12." In other words, Padilla's request for entry of default against Frank erroneously specified that default be taken as to a nonexistent pleading. Obviously, it was factually impossible for Frank to have been in default for failure to respond to such a pleading as of the date of the request itself, or of the date the clerk entered his default—September 24, 2012. Our

10

record fails to include a proof of service on Frank of a pleading filed September 24, 2012. In addition, the caption on the request for entry of default form erroneously identified as "Defendant/Respondent" Tara instead of Frank.

The California Constitution gives the Judicial Council of California the power to "adopt rules for court administration, practice and procedure . . . ." (Cal. Const., art. VI, § 6, subd. (d).) The Judicial Council has adopted a rule making the use of certain forms mandatory. (Cal. Rules of Court, rule 1.31; Gov. Code, § 68511.) The "Request For Entry Of Default (Application to Enter Default)," form No. CIV-100, is mandatory and requires the party requesting default to specify a complaint or cross-complaint. (Cal. Rules of Court, rule 1.31(b) & (c); 23 pt. 4 West's Ann. Code, Court Rules (2015 supp.) appen. A, p. 171; the form may be found online at <http://www.courts.ca.gov/documents/civ100.pdf> [as of Nov. 9, 2015].)

Because the court clerk lacked the power to enter Frank's default on a nonexistent pleading, or based on an otherwise fatally defective request for default, the default entered against Frank was void on the face of the record. (*Baird v. Smith* (1932) 216 Cal. 408, 411, 412.) Consequently, the default judgment that flowed from the default is also void. In *Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 210, a panel of this court explained: "Having concluded the orders entering the defaults of defendants are void, we must conclude the default judgment against defendants is also void. "'"A void judgment [or order] is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one.' [Citation.]" [Citation.]'" The court held: "Here, the trial court's entry of default judgments against defendants, its order setting aside the default judgments, and the later entry of defaults and default judgment after the statements of damages were served, all stem from the initial orders entering the defaults. Because those initial orders were fatally flawed as a

11

result of being entered without providing defendants notice and an opportunity to be heard, the default judgment is void and must be reversed." (*Ibid*.)

The default against Frank must be set aside and the default judgment entered against Frank must be reversed pursuant to Code of Civil Procedure section 473, subdivision (d).

### III.

### FRANK'S MOTION WAS NOT BARRED BY RES JUDICATA OR COLLATERAL ESTOPPEL.

In his respondent's brief, Padilla extensively argues that Frank was precluded from challenging the default and default judgment as void in August 2014 because, pursuant to the doctrines of res judicata and/or collateral estoppel, the issues raised in his August 2014 motion to vacate the default and default judgment as void had already been conclusively decided. Padilla's argument is without merit.

"In its narrowest form, res judicata '"precludes parties or their privies from relitigating a *cause of action* [finally resolved in a prior proceeding]."' [Citation.] But res judicata also includes a broader principle, commonly termed collateral estoppel, under which an *issue* '"necessarily decided in [prior] litigation [may be] conclusively determined as [against] the parties [thereto] or their privies . . . in a subsequent lawsuit on a *different* cause of action."' [Citation.] [¶] Thus, res judicata does not merely bar relitigation of identical claims or causes of action. Instead, in its collateral estoppel aspect, the doctrine may also preclude a party to prior litigation from redisputing *issues* therein decided against him, even when those issues bear on different claims raised in a later case." (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 828.) "Like res judicata, collateral estoppel 'has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'" (*Smith v. ExxonMobil Oil Corp.* (2007) 153 Cal.App.4th 1407, 1414; see *Parklane Hosiery Co. v. Shore* (1979) 439 U.S. 322, 326.)

12

"As a general matter, it is unquestioned that a trial court's ruling on an ordinary motion is not res judicata." (*Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 770.) There is some older authority to the effect that a ruling on a motion can be res judicata if it represents a final determination of the merits. (See 44 Cal.Jur.3d (2011) Motion Procedure, § 41, p. 1045.) However, a long line of cases has treated motions to vacate a judgment under the auspices of collateral estoppel rather than res judicata more generally. (See, e.g., *Groves v. Peterson* (2002) 100 Cal.App.4th 659, 667 (*Groves*).)

We do not need to address whether res judicata, as distinguished from collateral estoppel, might apply in the procedural context of a motion to vacate a judgment because here, for the reasons discussed *ante*, the default judgment is void and "'[t]he doctrine of res judicata is inapplicable to void judgments.'" (*311 South Spring Street Co. v. Department of General Services* (2009) 178 Cal.App.4th 1009, 1015; *Pajaro Valley Water Management Agency v. McGrath* (2005) 128 Cal.App.4th 1093, 1100; *Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239.)

Padilla's collateral estoppel argument fails because the trial court never decided the issue whether the default was void as a result of significant defects on its face, discussed *ante*, which, in turn would have rendered the subsequent default judgment void as well. "Under collateral estoppel, a prior judgment between the same parties operates as an estoppel or conclusive adjudication as to those issues that were *actually litigated and necessarily determined* in the prior action." (*Groves*, *supra*, 100 Cal.App.4th at p. 667.) In *Groves*, *supra*, 100 Cal.App.4th at page 665, the trial court denied a party's motion to vacate the default judgment on the ground that it was untimely and there was no evidence of extrinsic fraud. The trial court never reached the merits of the additional argument regarding the propriety of the service of process. (*Id.* at p. 667.) The appellate court concluded that because collateral estoppel requires that an issue not only be litigated but also decided, there was no collateral estoppel barring the party from subsequently raising the propriety of service argument. (*Id.* at p. 670.)

13

Because collateral estoppel requires that an issue not only be litigated but also decided, and, here, the trial court's decision was not based on the facial errors of the request for default, Frank was not collaterally estopped from subsequently arguing the default and default judgment were void on that ground. (*Groves*, *supra*, 100 Cal.App.4th at p. 667.)

## DISPOSITION

The default judgment is reversed. We direct the trial court to set aside the default entered against Frank Jakubaitis. Appellant shall recover costs on appeal.

FYBEL, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOORE, J.

14