Filed 11/30/15  Cue v. Ansett Aircraft Spares & Services CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| TESSIE CUE, | B260456 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. PC054894) |
| v. | |
| ANSETT AIRCRAFT SPARES & SERVICES, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment and order of the Superior Court of Los Angeles County.  Melvin Sandig, Judge.  Vacated, reversed and remanded with directions.

Carlsen Law Corporation, Miles Carlsen for Plaintiff and Appellant.

Gordon & Rees, Calvin E. Davis, Aaron P. Rudin for Defendant and Respondent.

_____

Plaintiff sued her former employer, claiming it improperly fired her without good cause. The trial court sustained a demurrer without leave to amend, finding that plaintiff's claim for breach of the implied covenant of good faith and fair dealing was untenable because the parties' employment contract allowed for termination without good cause.

We find that the demurrer was properly sustained. We reverse the order denying leave to amend, however, because plaintiff, on appeal, demonstrates a reasonable possibility of curing the defects in her complaint by amendment.

## BACKGROUND

Plaintiff and appellant Tessie Cue filed her original complaint against her former employer, defendant and respondent Ansett Aircraft Spares & Services, Inc. (Ansett), in April 2013. In November 2013, as a matter of course pursuant to Code of Civil Procedure section 472, Cue filed a first amended complaint. Ansett responded with a demurrer, arguing that Cue's single claim for breach of written contract failed to state facts sufficient to constitute a cause of action. The trial court sustained Ansett's demurrer, with leave to amend.

### The second amended complaint

Cue filed the operative second amended complaint (SAC) in April 2014. The SAC alleged as follows:

Gregory Quinlan, the president of Ansett's predecessor, Transpacific Enterprises, Inc. (TEI), hired Cue to work as TEI's controller in 1999. Concurrent with her hiring, Cue signed a written employment contract. The contract did not specify Cue's employment as at-will.

In 2001, while TEI's parent company was experiencing financial troubles, Quinlan began negotiating with the parent company about a management-led buyout of TEI. Quinlan represented to Cue that the parent company believed it was imperative that TEI's management company, including Cue, stay with TEI after the buyout, and that the parent was conditioning the buyout on each of TEI's managers agreeing to buy shares in TEI. Quinlan stated to Cue that she was a key person in the company and that her purchase of

2

TEI shares would facilitate the buyout, demonstrate loyalty to TEI, and ensure that she would continue to have long-term employment with the company, assuming her job performance was reasonable. Based on Quinlan's representations, Cue purchased shares in TEI, becoming one of its largest shareholders. After the buyout, those shares were converted into Ansett shares, and Cue continued working as controller for Ansett.

According to the SAC, the written employment contract contained an implied covenant of good faith and fair dealing that Ansett would not terminate Cue's employment absent good cause. Cue was consistently an exemplary employee who received glowing verbal performance reviews from Quinlan. During her employment with Ansett, however, Cue voiced concerns about Quinlan's management practices, the company's strategic direction, and its failure to pay dividends. Quinlan did not appreciate Cue's comments and viewed her as a threat to his control of Ansett. At Quinlan's direction, on or about May 5, 2009, Ansett terminated Cue's employment without good cause.

The SAC contained a single cause of action for breach of written contract. It alleged that Ansett breached an implied covenant of good faith and fair dealing by terminating Cue's employment without good cause.

**The demurrer**

Ansett's demurrer argued that the SAC's cause of action failed because the employment contract contained no requirement that Cue could only be terminated with good cause, and the contract terms foreclosed the possibility of such an implied term. In particular, Ansett cited to paragraph 20 of the employment contract, which stated in pertinent part: "The company may terminate your employment by serving notice in writing. Provided the reason for termination is not due to just cause for dismissal, but is due to reasons of economics, downsizing and so on, the company will pay, in lieu of notice, an amount not less than two weeks for each full year of employment to a maximum of twelve weeks. After five years of service, this payment will increase to six weeks for the first year and two weeks for each additional year up to a maximum of 26

3

weeks.  [¶]  In the event that termination is for reasons of just cause, there will be no amount payable for reason of termination by the company."  Cue opposed the demurrer.

The trial court sustained the demurrer, finding that the only reasonable interpretation of paragraph 20 was that Ansett could terminate Cue with or without just cause.  The court noted that, pursuant to paragraph 20, if Cue were terminated without just cause, Ansett was required to make a severance payment based on Cue's years of service.  Cue's SAC did not seek a severance payment, however, but instead sought damages for an implied breach.  Since the alleged implied breach contradicted an express contractual term, Cue's claim failed.  The trial court denied leave to amend, finding that Cue failed to demonstrate how she could cure the defects in her pleading.

Cue appealed.[1]

## DISCUSSION

We review the ruling sustaining the demurrer de novo, exercising independent judgment as to whether the complaint states a cause of action as a matter of law.  (*Desai v. Farmers Ins. Exchange* (1996) 47 Cal.App.4th 1110, 1115.)  We give the complaint a reasonable interpretation, assuming that all properly pleaded material facts are true, but not assuming the truth of contentions, deductions, or conclusions of law.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.)

A demurrer tests the legal sufficiency of the complaint.  (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.)  Accordingly, we are not concerned with the difficulties plaintiff may have in proving the claims made in the complaint.  (*Desai v. Farmers Ins. Exchange*, *supra*, 47 Cal.App.4th at p. 1115.)  We are also unconcerned with the trial court's reasons for sustaining the demurrer, as it is the ruling, not the

---

[1]     Cue filed a notice of appeal on November 25, 2014, after the trial court sustained the demurrer but prior to the time judgment was entered on January 5, 2015.  "We liberally construe [plaintiff's] notice of appeal from the order sustaining the demurrer, a nonappealable order, to be from the subsequent judgment of dismissal."  (*Groves v. Peterson* (2002) 100 Cal.App.4th 659, 666, fn. 2.)

4

rationale, that is reviewable. (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631; *Sackett v. Wyatt* (1973) 32 Cal.App.3d 592, 598, fn. 2.)

## I. The demurrer was properly sustained

Breach of the implied covenant of good faith and fair dealing is a form of breach of contract. The elements of a breach of contract cause of action are: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) breach by the defendant, and (4) resulting damage. (*Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 307.) The covenant of good faith and fair dealing finds its basis in an existing contractual obligation. (*Racine & Laramie, Ltd. v. Department of Parks & Recreation* (1992) 11 Cal.App.4th 1026, 1031) It requires that each contracting party do everything the contract presupposes will be done to accomplish its purpose, but the covenant does not create obligations not contemplated by the contract. (*Pasadena Live v. City of Pasadena* (2004) 114 Cal.App.4th 1089, 1093-1094.) "'In essence, the covenant is implied as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.'" (*Racine*, at pp. 1031-1032.)

An implied covenant of good faith and fair dealing will not be found when the alleged covenant contradicts the express terms of a contract. (*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.* (2002) 100 Cal.App.4th 44, 55.) It was on this basis that Ansett filed its demurrer in the superior court, arguing that Cue's allegations that Ansett could not terminate her employment without good cause directly contradicted paragraph 20 of the employment contract. The trial court agreed.

In her opening brief on appeal, Cue did not challenge this determination. In her reply brief, though, she argued that, because paragraph 20 did not expressly state that Ansett could terminate her employment with or without cause, her breach of implied covenant claim was therefore viable. There is no reason that Cue could not have made this argument (or a related argument that Ansett did not give sufficient notice of termination) earlier. We therefore consider the arguments forfeited. (*SCI California*

5

*Funeral Services, Inc. v. Five Bridges Foundation* (2012) 203 Cal.App.4th 549, 573, fn. 18 ["'Obvious considerations of fairness in argument demand that the appellant present all of his or her points in the opening brief,'" quoting 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 723, p. 790]; *Fidelity National Title Ins. Co. v. Schroeder* (2009) 179 Cal.App.4th 834, 847.)[2]

In any event, even if Cue did not forfeit her argument that the alleged implied covenant was consistent with the employment contract, reversal on this issue would not be warranted. The SAC alleged that the employment contract contained an implied covenant that Ansett "would not terminate Ms. Cue's employment with Ansett absent good cause," and that "Ansett breached the employment contract by terminating Ms. Cue's employment without good cause." Paragraph 20, however, directly contradicted Cue's claim that she could only be terminated for good cause. In addition to providing for termination due to "just cause," the provision specified another basis for termination: "due to reasons of economics, downsizing and so on . . . ."

Although the language of paragraph 20 potentially created an obligation whereby Ansett could only terminate Cue for two specific reasons—good cause or "economics, downsizing and so on"—the provision is not consistent with an alleged implied covenant to only terminate for good cause. Cue's cause of action was entirely based on the premise that she could only be terminated for good cause. Since this premise was inconsistent with the express terms of the employment agreement, the demurrer was properly sustained.

## II. Leave to amend

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility

---

[2]     We deny as moot Ansett's motion to strike portions of Cue's reply brief.

is squarely on the plaintiff. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "A plaintiff may show for the first time on appeal how amendment would cure the complaint's defects." (*Kan v. Guild Mortgage Co.* (2014) 230 Cal.App.4th 736, 741; see also *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711.)

In sustaining the demurrer, the trial court noted that paragraph 20 appeared to require that Cue receive a severance payment if she was terminated for "economics, downsizing and so on," instead of for just cause. Cue did not seek a severance payment in the SAC and did not request leave from the trial court to amend her complaint in order to assert such a claim. On appeal, however, Cue adopts the trial court's theory and requests leave to amend in order to allege that she was not terminated for just cause and is therefore entitled to remuneration pursuant to paragraph 20.

Ansett argues that Cue's proposed amendment should not be permitted. Ansett cites to *CAMSI IV v. Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525 (*CAMSI IV*), which, in affirming a trial court's denial of leave to amend, held: "[I]t is the *trial court's* discretion that is at issue; the reviewing court may only determine, as a matter of law, whether the trial court's discretion was abused. In our view an abuse of discretion could be found, absent an effective request for leave to amend in specified ways, only if a potentially effective amendment were both apparent and consistent with the plaintiff's theory of the case." (*Id.* at p. 1542.)

*CAMSI IV*'s holding has been questioned. (See *Connerly v. State of California* (2014) 229 Cal.App.4th 457, 464 [assuming "without deciding" that *CAMSI IV* correctly suggested that a party could be barred from timely raising new theories on appeal, while finding that a broad application of *CAMSI IV* would be inconsistent with Code of Civil Procedure section 472c].) In any event, we find that Cue's proposed amendment is not barred, even under the standard offered by *CAMSI IV*.

First, Cue's proposed amendment is apparent. The employment contract specifies that, under certain conditions, Cue would be entitled to a severance payment in the event of termination. Assuming that Cue can truthfully allege that the conditions for payment were met, then a cause of action can be stated. The fact that the trial court, without

7

prompting, called attention to this potential basis for a claim illustrates how apparent the claim is.

Second, the proposed amendment is consistent with Cue's theory of the case. Cue has alleged that she was not terminated for good cause and is therefore owed money by Ansett. Under Cue's original claim, she was owed unspecified damages, presumably tied to lost wages, due to Ansett's breach of its alleged agreement to fire her only for good cause. Under the proposed amendment, if Cue proves she is entitled to damages, those damages can be calculated pursuant to the terms of paragraph 20, based on her years of service.

We likewise find that Cue's proposed claim is not time-barred—or, at least, that it has not been shown on appeal at this stage of the litigation that the claim is time-barred. As the claim appears on appeal, it would relate back to the original filing of the complaint. "The relation-back doctrine requires that the amended complaint must (1) rest on the *same general set of facts*, (2) involve the *same injury*, and (3) refer to the *same instrumentality*, as the original one." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 408-409.)

Like the SAC, Cue's original complaint alleged that Ansett breached the implied covenant of good faith and fair dealing by terminating her employment without good cause, and that Cue thereby suffered damages. Her proposed amended complaint rests on the same general set of facts: that she was terminated without good cause and is therefore owed compensation. The alleged injury under both the original complaint and proposed amendment arose from termination of employment. Furthermore, as in the original complaint, the proposed amended complaint is based on breach of the employment contract. Although there are certainly differences between the original complaint and the proposed amended complaint, those differences do not appear significant enough to support a finding that the proposed amendments do not relate back.

Thus, because it appears that the defects in Cue's complaint can be cured by amendment, Cue must be given the opportunity to file an amended complaint.[3]

## DISPOSITION

The judgment in favor of Ansett is vacated, and the order sustaining without leave to amend Ansett's demurrer to the second amended complaint is reversed. The matter is remanded to the trial court with directions to enter a new order (i) sustaining Ansett's demurrer with leave to amend, (ii) allowing Cue to allege a claim for severance payment under the employment agreement, and (iii) ordering Cue to file her third amended complaint within 20 days. Cue is entitled to her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


CHAVEZ, J.


HOFFSTADT, J.

---

[3] Ansett also argues that the proposed amendments should be rejected because they violate the rule of truthful pleading. In support of this argument, Ansett cites to declarations Cue filed in another proceeding. Ansett requested judicial notice of these declarations in the trial court. The trial court granted judicial notice only as to the existence of the documents, but not the truth of the matters asserted therein. We likewise do not consider here the truth of the matters asserted in the documents.