Filed 1/15/26  Project 7 Security Group v. Johnson CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PROJECT 7 SECURITY GROUP et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> MICHAEL JOHNSON, <br><br> Defendant and Respondent. | B341446 <br><br> (Los Angeles County Super. Ct. No. 23STCV24878) |

APPEAL from an order of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge.  Affirmed.

The Fullman Firm, Adam C. Fullman, Christopher J. Peters, and Sam Dehbozorgi for Plaintiffs and Appellants.

Michael Johnson, in pro. per., for Defendant and Respondent.

We know defendant and respondent Michael Johnson (Johnson) sued his former employer, plaintiff and appellant Project 7 Security Group, and its principal, plaintiff and appellant Brandon Gatewood (collectively, plaintiffs). We know Johnson obtained a default judgment. We do not know many of the details of this earlier action, however, because of the sparse record plaintiffs has provided on appeal.

Nearly four years after Johnson obtained the default judgment, plaintiffs filed a motion to vacate the judgment claiming improper service. (That motion is not included in the appellate record we have been given.) The trial court appears to have heard that motion and denied it, but the appellate record includes no record of what transpired at that hearing—not even a minute order.

Notwithstanding the denial of their motion to vacate the judgment, plaintiffs persisted: they filed an independent lawsuit to vacate the same judgment. Johnson moved to dismiss that lawsuit, arguing it was frivolous and attempted to "re-litigate" the very same issue the court had earlier decided in denying plaintiffs' motion to vacate the default judgment. Accompanying Johnson's motion was a declaration that stated, without elaboration, that he "provided evidence" when successfully opposing plaintiffs' motion to vacate.

The trial court granted Johnson's motion to dismiss. Once again, we have no transcript of the hearing on Johnson's motion because plaintiffs have not provided one (nor have they provided a settled statement or other adequate substitute). So, we do not know what was argued, what may have been conceded, and what testimony may have been presented. We do have, however, a subsequently issued minute order that does not detail what

2

happened at the hearing on Johnson's motion to dismiss but does present the court's written ruling on the motion after having taken the matter under submission.

The minute order states that the court previously denied plaintiffs' motion to vacate the default judgment (with a different judge presiding) and expressly found that service was proper. With that background, the trial court found plaintiffs' lawsuit barred by issue preclusion principles. In so finding, the court rejected plaintiffs' reliance on a Court of Appeal decision, *Groves v. Peterson* (2002) 100 Cal.App.4th 659, that holds a denial of a motion to vacate a judgment generally has no preclusive effect on a later lawsuit in equity—but does have that preclusive effect when "the record of the prior proceedings shows the moving party was in fact given a hearing on the motion that was the equivalent of a trial with oral testimony." (*Id.* at 668 [citing *Darlington v. Basalt Rock Co.* (1961) 188 Cal.App.2d 706, a case *Groves* characterizes as holding that preclusion applies where a "judge held hearing, made clear the court did not restrict the party to affidavits, interrogated a witness, and gave [the] party [the] full opportunity to develop the issues by oral testimony"].) The trial court found *Groves* was no bar to dismissal in this case, reasoning: "[T]he record discloses that [plaintiffs] had the opportunity in the underlying case to fully brief the issues relevant to the motion to set aside, to submit evidence in the form of declarations and documentary evidence, [and to] provide oral argument in [a] hearing before the trial court. As such, the record discloses that [p]laintiff[s] had the opportunity to develop [their] case, and, thus, the issue of the validity of the service of process was fully litigated and decided. [¶] In sum, applying [issue preclusion] promotes judicial economy in these

3

circumstances where [p]laintiff[s] presented all the evidence [they] wanted to present and provides repose and finality to [Johnson], who first obtained [the] default judgment in October 2019. Moreover, it avoids an unjust result which would result from application of the general rule set forth in *Groves*."

The appellate record plaintiffs have given us is inadequate to countermand the trial court's finding. (See, e.g., *Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 ["'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error'"].) We have no record of what happened in connection with plaintiffs' motion to vacate the default judgment. We even have no record of what transpired during the hearing held on Johnson's motion to dismiss. We have only the trial court's finding that issue preclusion applies because plaintiffs "presented all the evidence [they] wanted to present" at the earlier motion to vacate hearing.[1] Thus, while there may be a future case that

---

[1] Justice Hoffstadt opines "Johnson did *not* show that [plaintiffs] actually presented oral testimony at the motion to vacate hearing or that it had the 'full opportunity' to present oral testimony . . . ." To support that assertion, he cites Johnson's declaration and—oddly (when it is plaintiffs who have the burden of providing a record warranting reversal)—the absence of other evidence in the record. Evidence, however, can be presented and considered at a hearing (and points can be conceded) even if not in a written declaration, and we have no idea what happened at either of the key hearings in this case. Recognizing this, Justice

4

compels a closer examination of *Groves*'s summary of precedent, this case is not it given the deficits in the record. Even under the principles as articulated in *Groves*, a finding of issue preclusion is unassailable on this record. (*Groves*, *supra*, 100 Cal.App.4th at 667-668 ["As explained in the Supreme Court's early case and reiterated in the recent case in this line, the reason for [the rule that a decision on a prior motion to vacate a default judgment is generally not preclusive in a later suit in equity] is: in the motion procedure the moving party is limited to presenting ex parte affidavits of voluntary witnesses, unless the trial court in its discretion *permits* a greater latitude"], italics added].)

---

Hoffstadt is forced to assert the trial court "'departed from the *Groves* decision'" and applied an "incorrect legal standard . . . other than *Groves*." That is not a fair characterization of trial court's ruling. The court discusses *Groves* in detail and identifies what everyone agrees is the key issue, writing: "[A]ccording to *Groves*, whether or not [p]laintiff[s'] claim here is barred by [issue preclusion] turns on additional factors concerning the degree to which [p]laintiff[s] w[ere] able to adjudicate the motion to vacate in the underlying judgment." As we know, the ruling then finds "that this case falls into the category of cases which are exceptions from the general rule" as articulated in *Groves*.

5

## DISPOSITION

The trial court's order is affirmed.  Defendant is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

I concur:

KIM (D.), J.

*Project 7 Security Group et al. v. Johnson*, B341446


HOFFSTADT, P. J., Dissenting.


The record presented in this appeal is undeniably "sparse" (Maj. opn., *ante*, at p. 2), but it still establishes that the trial court erred in granting Michael Johnson's (Johnson) motion to dismiss the independent, equitable action brought by Project 7 Security Group and Brandon Gatewood (collectively, Project 7) to vacate the default judgment Johnson previously obtained.

Although the doctrine of issue preclusion generally "prevents relitigation of previously decided issues" between the same parties (e.g., *DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824-825), a "long line" of California cases originating with our Supreme Court holds that the "denial of an earlier motion to vacate a default judgment does not collaterally estop [that is, does not trigger the doctrine of issue preclusion as to] a subsequent independent equitable action seeking the same relief" (*California Capital Ins. Co. v. Hoehn* (2024) 17 Cal.5th 207, 224 (*Hoehn*)) *unless* "the record of the prior [motion to vacate] proceedings shows the moving party was in fact given a hearing on the motion [to vacate] equivalent of a trial with oral testimony" (*Groves v. Peterson* (2002) 100 Cal.App.4th 659, 668 (*Groves*)). A motion to vacate hearing is the equivalent of a trial with oral testimony only if (1) the person "attacking the [default] judgment" actually presented oral testimony at the hearing (*Groves,* at p. 668) or (2) the record "ma[kes] clear" that the

person attacking the default judgment "was not restrict[ed]," at the hearing, to presenting only documentary evidence and had a "full opportunity at [that] hearing to develop the issues by oral testimony" (*Darlington v. Basalt Rock Co.* (1961) 188 Cal.App.2d 706, 709-710; *Sarten v. Pomatto* (1961) 192 Cal.App.2d 288, 300-301 [looking to "proof as to the manner in which th[e] motion [to vacate] was considered]; *Rohrbasser v. Lederer* (1986) 179 Cal.App.3d 290, 298).

The record on appeal here shows that *Johnson* did not carry his burden of showing the trial court that Project 7—as the party attacking the default judgment—either presented oral testimony at the motion to vacate hearing or was given the full opportunity to do so during those proceedings. (*Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal.4th 921, 943 [party asserting issue preclusion has the burden of showing its application].) The only evidence Johnson provided in support of his motion to dismiss was his own declaration, stating that *he* "provided evidence" in opposing Project 7's motion to vacate; neither his declaration nor any other evidence in the record speaks to what *Project 7* presented or was permitted to present at the hearing. While Johnson's evidence in support of his motion to dismiss sufficiently supports the finding in the trial court's dismissal order that "Project 7 had the opportunity [] to fully brief the issues relevant to the motion to [vacate], to submit evidence in the form of declarations and documentary evidence, [and to] provide oral argument in hearing before the trial court," Johnson did *not* show that Project 7 actually presented oral testimony at the motion to vacate hearing or that it had the "full opportunity" to present oral testimony—and *that* is what matters for purposes of barring Project 7's independent action.

To be sure, the trial court went on to say that "the record discloses that [Project 7] had the opportunity to develop its case," but this finding—even if construed as an implicit finding that Project 7 had the opportunity to present oral testimony at the motion to vacate hearing—is not supported by any evidence in the record. While appellate courts must construe the record in the light most favorable to the trial court's ruling (*In re I.J.* (2013) 56 Cal.4th 766, 773) and "presume[]" a trial court's order is "correct" when "the record is silent" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564), this standard of review is not so malleable as to justify affirmance from a partially silent record when the trial court is applying the incorrect legal standard, such that the evidence presumed to exist in the record does not support affirmance under the *correct* standard. In my view, that is the case here. *Groves* supplies the correct legal standard, but the trial court was refreshingly up front in admitting that its analysis "departed from the *Groves* decision," and in explaining that it was willing to depart because *Groves*, in its view, "seriously undermine[d] several other vital public policy interests" and led to what the court viewed as an "unjust result." However valid those views of *Groves*' wisdom may be, it is not the place of this court to entertain them because *Groves* is grounded in a 1906 Supreme Court case (see *Estudillo v. Security Loan & Trust Co.* (1906) 149 Cal. 556, 564-565) and because *Groves* was reaffirmed by our Supreme Court as recently as 2024 (*Hoehn, supra*, 17 Cal.5th at p. 224). More to the point, the presumption that the silent record contains all the evidence necessary to support a ruling under a standard other than *Groves* does not

mean that the record contains all the evidence necessary to support a ruling under *Groves*.

I accordingly dissent.

_____, P. J.
HOFFSTADT